**Edna BRANCH, Appellant,**

v.

**Donie H. JEAN, Appellee.**

**No. 3415.**

Court of Civil Appeals of Texas. Eastland.

Jan. 16, 1959.

Rehearing Denied Feb. 6, 1959.

**428**

Dell & Perry Barber, Colorado City, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

COLLINGS, Justice.

Donie H. Jean, individually and as independent executrix of the estate of her deceased husband, T. A. Jean, brought this suit against Edna Branch. Plaintiff sought to set aside two deeds dated September 17, 1955, from T. A. Jean to Edna Branch, who is the daughter of plaintiff and her deceased husband. As grounds for setting aside the deeds, it was alleged that T. A. Jean did not execute the deeds; that if he did execute the deeds, he was at the time unable to sign his name and was so sick of mind and body that he was incapable of understanding the nature and effect of any business transaction or the object of his affection and was mentally incompetent.

The case was tried before a jury which found that T. A. Jean at the time he executed the two deeds did not have mental capacity sufficient to understand the nature and effect of his act in executing said instruments. Based upon the verdict, judgment was rendered setting aside the two deeds. Edna Branch has appealed.

██ We overrule appellant's point in which it is contended that a judgment entered on October 13, 1954, in cause number 8872 on the docket of the District Court

of Jones County, styled T. A. Jean et ux. v. Edna Branch, is res judicata of the question of T. A. Jean's mental capacity to execute the two deeds dated September 17, 1955. The 1954 judgment is not shown in the record. A release of the judgment executed by T. A. Jean and his wife is in evidence. There is nothing to show that the judgment in that case considered or passed upon the question of T. A. Jean's mental capacity other than the fact that the suit appeared to be brought in his own name and not by a guardian or next friend. Even if it should be held that that judgment did in effect or by implication pass upon the question of T. A. Jean's mental capacity, it was almost a year prior to the execution of the two deeds and a judgment adjudicating him to be sane at that time was not res judicata on the question of his mental capacity at the time of the execution of the deeds.

■ We are also unable to agree with appellant's contention that Mrs. Jean has come into court with unclean hands and that she should be held to be estopped to contend that T. A. Jean was of unsound mind when the deeds were executed. In the first place appellant did not plead estoppel. In the next place appellant has not established by evidence and fact finding that she relied upon any representation of Mrs. Jean and as a result thereof has suffered loss or injury. 17 Tex.Jur. 146. The evidence does show that Mrs. Jean was instrumental or participated in securing the execution of other legal instruments by Mr. Jean within the period of a few months from the time he executed the deeds. She was instrumental in securing his execution of an oil and gas lease on May 30, 1955, and another during the year of 1956. On September 27, 1955, ten days after the execution of the deeds, Mrs. Jean joined T. A. Jean in the execution of a release of the $8,000 judgment against appellant. There is no showing, certainly no conclusive showing, that appellant ever changed her position for the worse or was damaged in any way because of a reliance upon any representation, by word or deed, on the part of Mrs. Jean. There is no showing that appellant paid more than a nominal consideration for the execution of the deeds, involving about 3,000 acres of land and which were not recorded by appellant until more than twenty months after their execution.

■ We overrule appellant's points complaining of the lack of evidence and the insufficiency of the evidence to support the finding that T. A. Jean did not have mental capacity to execute the two deeds, and that the finding that T. A. Jean did not have mental capacity to execute the two deeds was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. The material consideration in this connection is T. A. Jean's mental capacity on September 17, 1955, the date he executed the two deeds to Edna Branch. There was ample evidence to support the finding that T. A. Jean did not have mental capacity to execute the deeds. A physician testified that in his opinion T. A. Jean was of unsound mind when he executed the deeds and for a considerable period of time prior thereto. He testified that T. A. Jean had arteriosclerosis and a certain amount of mental deterioration when he began to treat him in 1950. He testified that as early as 1951 senility was showing; and that thereafter his mind continued to deteriorate. The doctor testified that T. A. Jean was what you would call "punch drunk" from the time he broke his hip in 1952. Numerous other witnesses testified to facts which showed a change for the worse in T. A. Jean's physical and mental condition between 1953 and 1955. The evidence indicated that as far back as 1953 T. A. Jean could not sign his name without someone holding his hand; that in May of 1955 he had no movement of his arm at all and his hand had to be held to make his mark. There was evidence to the effect that he was nervous and upset and laughed and cried at intervals. One witness testified that when he saw Mr. Jean in March of

1955, he just "mumbled something, but I couldn't tell what it was"; that he was "either laughing or crying, I couldn't tell which". Another witness testified that in July or August of 1955 Mr. Jean could not speak intelligently.

The evidence as above summarized supports the finding that T. A. Jean did not have mental capacity to execute the two deeds on September 17, 1955. Two witnesses did testify to facts material to the issue of T. A. Jean's mental capacity and on the basis of such facts state their opinion that Mr. Jean was of sound mind and knew what he was doing at the time he executed the deeds. This evidence, in our opinion, merely presented a fact issue which the jury found against appellant. When considered in connection with all of the evidence, the finding that T. A. Jean did not have mental capacity to execute the two deeds was not against the great weight and preponderance of the evidence.

■ Appellant further contends that the court committed reversible error in refusing to admit into evidence, as admissions against interest, statements of appellee, Donie H. Jean, to the effect that T. A. Jean was of sound mind, said statements having been made and being contained in her deposition taken on September 11, 1954, in another case in which appellant, appellee and T. A. Jean were parties. In our opinion the point is well taken.

Appellant's efforts to get these statements into the evidence are shown in Bills of Exception numbers 1 and 2. Bill of Exception number 1 shows that appellant offered in evidence certain portions of the above described deposition of Mrs. Jean in which she repeatedly stated in effect that T. A. Jean was not of unsound mind. There was no showing in Bill of Exception number 1 that Mrs. Jean actually made the statements set out in the deposition and consequently it does not show admissible evidence of a statement against interest. The deposition was not signed by Mrs. Jean and no proof was then offered as to its

taking. The court properly sustained appellee's objections to the admission of such evidence at that time and indicated the reason for its action was that the claimed statements by Mrs. Jean had not been properly proved.

Bill of Exception number 2 shows a continuation of appellant's effort to introduce the statements shown in Mrs. Jean's deposition concerning her husband's mental capacity. It shows that the court reporter who took the deposition was sworn and identified the deposition. He testified that he had taken down the questions and answers given by the witness in Gregg shorthand and subsequently transcribed his notes into typewritten form. He testified that the notes were correctly transcribed, but further testified on cross-examination that he had no personal recollection of the specific questions asked or the answers given by Mrs. Jean. Appellee thereupon renewed the objections previously made that the statements had not been properly proven. Appellee objected to the evidence on the further ground that it was hearsay, there being no definite recollection on the part of the court reporter as to what actually transpired at the hearing, and because the deposition was not signed by the witness, not sworn to and never filed in the clerk's office as a part of the proceeding in the case in which it was taken.

Appellee correctly contends that the deposition was not admissible as such because it was taken in another case. It was also inadmissible as a deposition because it was not signed by Mrs. Jean, as required by the agreement under which it was taken.

It is held, however, that admissions or declarations against interest when properly proven are admissible notwithstanding the fact that they are contained in a deposition taken in another suit or that the deposition was not taken strictly in accordance with statutory requirements. McLean v. Hargrove, 139 Tex. 236, 162 S.W.2d 954; Bilger v. Buchanan, Tex., 6 S.W. 408. Although an admission that T. A. Jean was of

sound mind on September 11, 1954, does not amount to an admission that he was of sound mind on September 17, 1955, we feel that, when considered in connection with the entire record, the statements by Mrs. Jean on September 11, 1954, to the effect that her husband was then of sound mind were admissible as admissions against interest, if the statements were proved to have been made.

The statements of Mrs. Jean concerning her husband's mental condition were properly proved. The testimony of the court reporter that he took down in shorthand the questions propounded to Mrs. Jean and her answers thereto and correctly transcribed his shorthand notes into typewritten form is evidence that she made the statements. It is, in our opinion, "proper proof" that she made the statements shown in the deposition. The fact that the court reporter had no personal recollection of the specific questions and answers merely goes to the weight of the evidence and does not render the statements inadmissible.

We cannot agree with appellee's contention that appellant's Bill of Exception number 2 and the record shows only an effort to introduce the entire deposition of Mrs. Jean and not an effort to introduce the statements concerning her husband's mental capacity shown therein. The entire deposition was tendered "as a part" of Bill of Exception number 2. This bill obviously shows a continuation of appellant's efforts to introduce the statements of Mrs. Jean concerning T. A. Jean's mental capacity. The court had previously sustained objections to the introduction of these statements because they were not proved to have been made. Bill of Exception number 2 sets out the proof brought forward by appellant to show that Mrs. Jean did in fact make such statements. The objections thereto by counsel for appellee indicate a reference to, or an inclusion of the statements of Mrs. Jean which was the subject of the Bill of Exception number 1. The objections were in part: "* * * plaintiff objects and excepts to said testimony for the rea-

sons heretofore stated and for the additional reasons * * *." In our opinion there can be no question but that Bill of Exception number 2 and the record show appellant was still endeavoring to introduce the statements of Mrs. Jean in her deposition that her husband was sane. The court erred in not admitting such statements in evidence.

For the reasons stated the judgment is reversed and the cause is remanded for another trial.