Joseph SIDRAN, Appellant,

v.

Lawrence TANENBAUM, Appellee.

No. 16472.

Court of Civil Appeals of Texas.

Dallas.

March 5, 1965.

On Rehearing May 14, 1965.

Rehearing Denied June 11, 1965.

Emil Corenbleth and Harold B. Berman, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., and H. Dudley Chambers, Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from a summary judgment rendered against the appellant Joseph Sidran. The appellee Lawrence Tanenbaum sued for debt on two counts: (1) upon a New York judgment against appellant and (2), in the alternative, upon the promissory note forming the basis of the New York judgment. Appellant in his answer contended that the New York judgment was void because the New York court had no jurisdiction over appellant, and, as to the promissory note, that he had an offset in excess of the amount due thereon. He pled that a corporation known as Tanenbaum Textile Co., Inc. was indebted to him in excess of the amount due on appellee's promissory note and that he had a right to offset this claim against the note because the corporation was the alter ego of appellee. He pled alternatively that appellee had agreed with him that he might offset all sums due him by the corporation against any sums due appellee.

The judgment appealed from does not show on its face whether it was based on the New York judgment or the promissory note. Appellant asserts in two points of error on appeal that (1) the court erred in holding that he had no right to contest the foreign judgment on jurisdictional grounds, and (2) the court erred in denying him the right to defeat appellee's claim on the note by asserting his offset. We sustain the first point and overrule the second. Being of the opinion that appellee was entitled to summary judgment on the note, we affirm the judgment.

The authenticated copy of the New York judgment, attached to appellee's amended petition, does not recite any service of process on appellant, but attached to appellee's motion for summary judgment is the affidavit of one Gerald W. Benson that on Sep-

tember 18, 1963 he served the "summons, Notice of Motion for Summary Judgment, and Affidavit in Support Thereof in lieu of complaint, in action styled Lawrence Tanenbaum vs Joseph Sidran in the Supreme Court of the State of New York, County of New York, upon the Defendant, Joseph Sidran, by delivering to and leaving with the said Defendant personally a copy of each of said papers." The record contains nothing to identify the said Gerald W. Benson as a sheriff, or a constable, or a deputy of either, or even as a disinterested person. It appears without dispute that such papers were delivered to appellant in Dallas, Texas.

■ As this was the only "service" shown by the record, the case falls within the general rule of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and in the absence of a showing that appellant was served with official notice of the suit within the State of New York, or that service outside that state was authorized by some valid law, or that appellant had voluntarily entered his appearance in the New York court, we would be compelled to hold that the New York court was without power to render the judgment *in personam* against appellant.

■ It is true, as appellee argues, that the introduction of the foreign judgment made a prima facie case for him, casting the burden on appellant to establish lack of jurisdiction in the court to render it, Garman v. Reynolds, Tex.Civ.App., 284 S.W.2d 262, wr. ref., but here appellant met that burden by showing affirmatively by his affidavit that he was not served in New York and had not entered his appearance in the suit. The presumption of validity of the judgment is not conclusive but is rebuttable, and the judgment may be collaterally attacked by showing lack of jurisdiction. Mitchell v. San Antonio Public Service Co., Tex.Com.App.1931, 35 S.W.2d 140; W. T. Rawleigh Co. v. Little, Tex.Civ.App., 32 S. W.2d 214, wr. ref.; Autry v. Autry, Tex. Civ.App., 350 S.W.2d 233, wr. dism.; Coop-

er v. Newell, 173 U.S. 555, 19 S.Ct. 506, 43 L.Ed. 808; 30A Am.Jur., Judgments, p. 328, § 262.

 Appellee also argues that the service on appellant may have been sufficient under some New York law authorizing such service on nonresidents who do business within the forum. In the absence of pleading or proof of such a law, we must presume that the New York law is the same as our own. McCormick and Ray, Texas Law of Evidence, § 99. Our statute, Art. 2031b, Vernon's Ann.Civ.St., provides, *inter alia,* for substituted service on nonresident defendants, in suits arising out of business transacted by them within the State of Texas, by serving the Secretary of State of Texas; but such statute does not provide for personal service on the defendant outside of Texas, and it does not authorize service of process by anyone other than a sheriff or constable. Rule 103, Vernon's Texas Rules of Civil Procedure. Presuming the New York law to be similar, it is obvious that the attempted service on appellant without the State of New York, and by some individual not identified as an officer authorized by law to serve process, would be ineffective to vest the New York court with power to render the personal judgment.

We sustain appellant's first point and hold that the record before us fails to show that the New York judgment had such validity as to sustain the summary judgment under attack here.

By his second point of error the appellant complains of the trial court's refusal to recognize his claim against Tanenbaum Textile Co., Inc. as an offset to appellee's suit on the promissory note. The only factual support of this position is appellant's own affidavit, the pertinent parts of which are:

"To my knowledge and belief, Lawrence Tanenbaum is a chief executive officer of the Tanenbaum Textile Co., Inc., and I believe that he is the sole stockholder, and certainly has control of the corporation. He acts for the corporation completely, and in his actions concerning the business of the Tanenbaum Textile Co., Inc., you are unable to differentiate as to which action is for the corporation and which action is for the individual. To my knowledge all decisions of Lawrence Tanenbaum are the decisions of the corporation and he acts completely for them.

"In all of my dealings with the Tanenbaum Textile Co., Inc. and with Lawrence Tanenbaum have been with the said Lawrence Tanenbaum personally. I made an agreement with him where I was to receive a commission for services that I would perform in selling merchandise which either belonged to him or to Tanenbaum Textile Co., Inc. It was my understanding with him that any and all sums of money which he *leant* to me personally were to be applied against the commissions that I was to receive by reason of this agreement that I had made with him personally and that I never differentiated the corporate entity from the individual in our dealings, nor did Mr. Tanenbaum ever indicate to me that there should be such a differentiation. Whenever we discussed the fact that we each owed each other money, we always talked about a day for an accounting and offsetting each other's obligations to the other. Mr. Tanenbaum and his corporation now owe me $20,968.11 by reason of the agreement made with him."

 The principle contended for by appellant "is an exception to the general rule which forbids disregarding corporate existence or entity and is not to be applied unless it is made to appear that there is such unity that the separateness of the corporation has ceased and 'the facts are such that an adherence to the fiction of the separate existence of the corporation would, under

the particular circumstances, sanction a fraud or promote injustice.'" First National Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100.

■ Having in mind the requirement of Rule 166–A(e), T.R.C.P., that supporting and opposing affidavits must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," we hold that appellant's affidavit is insufficient to raise a fact issue material to the point in question. Nothing contained in it, which is not hearsay or otherwise inadmissible, even tends to prove such unity of interest and ownership that the separate personalities of the corporation and appellee no longer exist. Neither is there anything in the affidavit to suggest that a recognition of the separate corporate existence of Tanenbaum Textile Co., Inc., "would, under the particular circumstances, sanction a fraud or promote injustice." As stated in Moody-Seagraves Ranch v. Brown, Tex. Civ.App., 69 S.W.2d 840, 844, wr. ref., "The corporate fiction cannot be disregarded, for there never was any fraud or wrong undertaken or intended."

■ If the court were to permit appellant to offset the corporation's alleged indebtedness to him against his liability to appellee on the note, the practical effect would be to make appellee liable for the corporation's debts. This is not sanctioned by the law unless there is "fraud or other misconduct sufficient to invoke the doctrine of estoppel"; and this is true even when all the stock belongs to one stockholder. Hake v. Dilworth, Tex.Civ.App., 96 S.W.2d 121, 124, wr. dism.

Even if appellant's conjecture that appellee was the sole stockholder of the corporation were considered as a statement of fact, the separate existence of the corporation as an entity would not be thereby destroyed and this would not render appellee liable for the corporation's debts. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216, 224.

Moreover, appellant failed to establish even prima facie that he had a contract with appellee or the corporation, an essential element of his claim. His statement in the affidavit, that he made an agreement with appellee whereby certain commissions would be paid, is a conclusion; the affidavit does not contain facts upon which a court or jury might properly conclude that such an agreement was made, or that it was supported by consideration, or that appellant himself had performed it, or that appellee, in making such agreement, was acting in his own behalf and not for the corporation. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317; Dallas Railway & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377; Riggs v. Bartlett, Tex.Civ.App., 310 S.W.2d 690, wr. ref. n. r. e.; Federal Sign Co. of Texas v. Fort Worth Motors, Tex.Civ.App., 314 S.W.2d 878, no wr. hist.; Casanova v. Falstaff Beer, Tex.Civ.App., 304 S.W.2d 207, wr. ref. n. r. e.

In a supplemental brief appellant urges us to reverse the judgment because neither the original note sued on, nor a certified or sworn copy thereof, was put in evidence by affidavit or otherwise. The summary judgment was therefore rendered, he says, on the pleadings, which was erroneous because his general denial raised a fact issue as to whether appellee was then the owner and holder of the note, citing the very recent opinion of the Tyler Court of Civil Appeals dated January 14, 1965 in Alexander v. Houston Oil Field Material Co., Inc., 386 S.W.2d 540.

■ This question was not raised by any point of error on this appeal, as required by Rule 418, T.R.C.P., and cannot properly be considered by us. Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, affirmed Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Cruse v. Daniels, Tex.Civ.App., 293 S.W.2d 616; Colorado River Western Ry. v. Texas & New Or-

leans R. Co., Tex.Civ.App., 283 S.W.2d 768; Southwestern Fire & Casualty Co. v. Larue, Tex.Sup.Ct.1963, 367 S.W.2d 162.

Appellant did not deny the execution of the promissory note or its validity, or the asserted fact of his indebtedness thereon, in any of his pleadings, his affidavit or his briefs in this court. The only defense he claimed was the right to offset. Since we have held that his affidavit in support of that defense is legally insufficient, it follows that the summary judgment against him on the note was correct and must be affirmed. Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, wr. ref.; Sessions Co. v. W. A. Sheaffer Pen Co., Tex.Civ.App., 344 S.W. 2d 180, wr. ref. n. r. e.

Affirmed.

## ON MOTION FOR REHEARING

The appellant has by our leave filed a second supplemental brief, pursuant to Rule 431, T.R.C.P., and the authorities cited in our opinion on rehearing in Minneapolis-Moline Co. v. Purser, Tex.Civ.App., 361 S. W.2d 239, 246, wr. ref. n. r. e. This brief contains a third point of error in which appellant says the trial court erred in rendering the summary judgment on pleadings alone and without support of any summary judgment evidence.

Appellant relies on Alexander v. Houston Oil Field Material Co., Tex.Civ.App., 386 S.W.2d 540, wherein it was held that in a suit on a promissory note a defendant's answer containing a general denial raised a fact issue as to whether the plaintiff was the owner and holder of the note, and that a summary judgment for the plaintiff without any proof of that fact would be reversed. Since our opinion of March 5, 1965 was delivered the Supreme Court has refused the application for writ of error, "no reversible error," in the Alexander case, and since that was the only point on which the case was reversed, the action of the Supreme Court must be construed as approv-

ing the holding of the Court of Civil Appeals on the point. We feel that the rule there announced should be applied here.

In this case there was no allegation in either the petition or the motion for summary judgment that appellee was the owner and holder of the note. At the hearing of the motion appellee did not offer the original note or any other evidence of his ownership thereof. This in our opinion brings the case within the rule of the Alexander case, and on the authority thereof we sustain the motion for rehearing. Accordingly, the judgment appealed from is reversed and remanded.

Reversed and remanded.