Wayne **WATSON**, Appellant,

v.

Helen M. **GODWIN**, Appellee.

No. 7777.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1968.

Rehearing Denied March 25, 1968.

---

2. Concurring opinion by Justice Pope in Agricultural Insurance Co. v. Dryden, 398 S.W.2d 745, 747 (Tex.1966).

Harris E. Lofthus, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry and Harlow Sprouse, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from a summary judgment rendered for Mrs. Helen Godwin, defendant below, against plaintiff-appellant, Wayne Watson.

Before considering any of the points it is necessary to give some of the history of the case. The parties will be referred to as in the court below.

Plaintiff first filed his suit against defendant in Cause No. 44,113–A in the 47th District Court of Potter County on March 14, 1966. A plea of privilege was filed asking for a change of venue to Randall County. No controverting affidavit having been filed, the case was transferred to Randall County on January 24, 1967, and became Cause No. 7821 in the District Court of that county. A non-suit was later taken in the case on February 22, 1967, the day it was set for hearing on a motion for summary judgment. The present case was filed on the same day in the District Court of Randall County as Cause No. 7871.

The thesis of plaintiff's contention in his first point is that the only summary judgment components that may be considered in the case is his unsworn petition in Cause No. 7871 and defendant's unsworn answer to such petition. Therefore, fact issues were raised. That contention is not briefed and the argument in the point to the effect that the only instruments proper for the court to consider were those two pleadings is contrary to what we believe the record shows. The only authority whatever cited under the point is Rule 166–A, V.A.T.R., commonly referred to as the summary judgment rule. The quote therefrom shows no legal authority for the contention made under the point, i. e., plaintiff's petition and defendant's answer

thereto are the only summary judgment components proper for the court to consider.

Rule 418, V.A.T.R., provides the brief of appellant shall contain, inter alia, *a discussion* of the facts and *the authorities relied upon as requisite to maintain the point at issue.*[1] Numerous courts have held that where points are not briefed by appellant they may be assumed as waived. Whitson Company v. Bluff Creek Oil Company, Tex.Civ.App., 278 S.W.2d 339, affirmed 156 Tex. 139, 293 S.W.2d 488; Weatherred v. Kiker, Tex.Civ.App., 357 S.W.2d 182 (N.R.E.); Butterfield Sales Company v. Armstrong, Tex.Civ.App., 278 S.W.2d 194 (N.R.E.); Grady v. Dallas Railway & Terminal Company, Tex.Civ. App., 278 S.W.2d 282 (N.R.E.); Stanford v. Brooks, Tex.Civ.App., 298 S.W.2d 268 (N.W.H.); Pride v. Pride, Tex.Civ.App., 318 S.W.2d 715 (N.W.H.); Hall v. Hall, Tex.Civ.App., 352 S.W.2d 765 (N.W.H.); Kirkman v. Alexander, Tex.Civ.App., 280 S.W.2d 365 (N.R.E.); Kitchens v. Kitchens, Tex.Civ.App., 372 S.W.2d 249 (writ dismissed).

That the citation of authorities constitutes one of the components of a brief has long been recognized by our courts, even before the promulgation of the above stated rule. McClanahan v. Cook, 401 S.W. 2d 352 (Tex.Civ.App. Amarillo, 1966, no writ).

Even before the adoption of our present Rules of Civil Procedure, when propositions were required instead of points, the Supreme Court of Texas in Shanks v. Carroll, 50 Tex. 17, 20 said:

"The brief contemplated and required by the rules should, in short, embrace nothing but the propositions—set forth clearly, distinctly, and separately—relied upon for the reversal of the judgment, the matters in the record pertinent to the proper determination of each proposition, *and a citation simply of the authorities relied upon to maintain the validity*

---

1. All emphasis shown herein are ours.

*or correctness of the propositions thus asserted.*" See also Haley v. Davidson, 48 Tex. 615, 618.

■ Plaintiff having nowhere cited any authorities nor discussed any facts in the point to the effect that the only instruments proper for the court to consider were the two stated pleadings, we may assume the point is waived. However, his contention will be discussed in other points.

In his second point plaintiff asserts: "The court erred in granting summary judgment because the instruments presented in support of the motion and on which the motion was based were not the pleadings on file in this suit." In his third point plaintiff contends there is reversible error in the court's judgment because the deposition presented as an exhibit by defendant in support of her motion for summary judgment was a deposition taken in a prior suit. We shall consider the points together.

As may readily be seen from the second point urged, the contention for reversal there is not that " * * * The instruments presented in support of the motion and on which the motion was based" *fail* to show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is not entitled to a judgment as a matter of law, in the purview of Rule 166–A, V.A. T.R. To the contrary, the basis for reversal in the point is that "the instruments presented in support of the motion and on which the motion was based were not the pleadings on file in this suit."

Under the record here the pleadings would have been material if they were the only summary judgment components. They are actually immaterial because the only "evidence" as distinguished from pleading to show an alleged cause of action was plaintiff's testimony in his deposition to the effect that the $100,000.00 he was seeking from defendant was based on a consideration of marriage. Therefore, we must consider if the deposition was properly

before the trial court for consideration when the summary judgment appealed from was granted.

By requests for admissions made by defendant on March 10, 1967, and answered on March 17, 1967, plaintiff judicially admitted he had given his sworn testimony in answers propounded to him on December 7, 1966, while the cause was No. 44,113–A pending in the 47th District Court of Potter County; that such sworn testimony was transcribed and reduced to writing by Wm. K. Davis, the court reporter and notary public of Potter County who administered the customary oath and before whom plaintiff's sworn testimony was given; that after being reduced to writing the original of the deposition was filed in Cause No. 7821 in Randall County; and *that when he gave his deposition he was sworn to tell the truth, the whole truth and nothing but the truth and did tell the truth, the whole truth and nothing but the truth in answer to the interrogatories propounded in the deposition.*

By request for admission No. 4 in defendant's request for admissions plaintiff was asked if a true and correct copy of the deposition had been filed with the court's papers in Cause No. 7871 in the District Court of Randall County in connection with a motion for summary judgment then pending in that cause. To such question he answered he could not truthfully admit nor deny because he had not inspected the clerk's file in the case.

■ A motion was made by defendant under Rule 169, V.A.T.R. to have the court deem the request as admitted. Such motion was granted by the court, and we think properly so. " * * * a party may not evade the rule by merely saying that he does not have sufficient information to either admit nor deny the matters requested when he, by resorting to means available to him, can secure the facts inquired about. This provision of Rule 169 is not a frivolous one, nor one that should be treated lightly and thereby overcome the

salutory purpose of the rule." McPeak v. Tex. Dept. of Public Safety, 346 S.W.2d 138 (Tex.Civ.App.-Dallas, 1961, no writ). Plaintiff was in position to ascertain the answer to the fourth interrogatory in the requests for admissions by the simple expedient of inspecting the records on file or by making such inquiry as would have revealed the fact that a true and correct copy of the subject deposition had been filed with the court's papers in the cause in connection with a motion for summary judgment.

■ We believe the court properly granted the motion to have it deem the request as admitted. McPeak v. Tex. Dept. of Public Safety, supra; Montgomery v. Gibbens, 245 S.W.2d 311, 315 (Tex.Civ. App.-Eastland, 1951, no writ). Such request being incorporated by reference in the request for admissions, it was properly before the trial court on the summary judgment hearing. Additionally, the deposition was identified by an affidavit attached to defendant's motion for summary judgment and in such form as that the identifying statements made it admissible in evidence in conformity with Rule 166–A.

■ All formalities were waived by agreement before the deposition was taken, and under oath plaintiff so admitted, and recognized he was testifying under oath. The deposition was, therefore, properly before the court as a party admission. McLean v. Hargrove, 139 Tex. 236, 162 S.W. 2d 954; Branch v. Jean, 320 S.W.2d 427 (Tex.Civ.App.-Eastland, 1959, writ ref'd n. r. e.). Furthermore, under the circumstances of this record the deposition could be considered by the trial court in the summary judgment hearing as an affidavit within the purview of Rule 166–A. Green v. American General Ins. Co., 354 S.W.2d 616 (Tex.Civ.App.-Fort Worth, 1962, writ ref'd n. r. e.).

The original pleadings from the former suit were also identified by an affidavit filed with the motion for summary judgment, attached thereto, served therewith, incorporated by reference into such affidavit, and were sworn to be true copies thereof by the attorney qualified to testify. But as heretofore stated, we consider them immaterial here.

Appellant's position is that the components described were not proper to be considered in the summary judgment hearing; that as heretofore stated, the unsworn petition in the present suit and defendant's unsworn answer thereto were the only summary judgment components which the court could consider; therefore, plaintiff's pleadings raise a fact issue as an agreement performed by plaintiff and breached by defendant. We do not agree.

Appellant's only summary judgment component, his unsworn trial pleading signed by his attorney, alleged an obligation on the part of defendant to invest $100,-000.00 in a business for plaintiff of his own choosing which " * * * would be repaid without interest at whatever rate the profits would allow after paying plaintiff an adequate living." Thus, the only summary judgment component which constituted "evidence" (the deposition) in the case, as distinguished from pleading, shows a promise in consideration of marriage. In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, defendants there contended that summary judgment for plaintiff was improper because they had alleged a cause of action. The Supreme Court of Texas said:

"Defendants argued in the court of Civil Appeals that summary judgment for plaintiff was improper because they had alleged conditional delivery. There is no merit in this contention. When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be

rendered. See Gulf, Colorado & Santa Fe Railway Co. v. McBride, [159 Tex. 442,] 322 S.W.2d 492."

■ From what we have said it may be seen that the trial court had before it a motion for summary judgment with supporting affidavits, judicial admissions and party admissions showing in the deposition constituting a part thereof that the promise upon which plaintiff was suing was based upon a consideration of marriage. The record is without dispute that the promises were oral, hence they were illegal under Sec. 3 of the Statute of Frauds, Art. 3995, V.T.C.S. As applicable here it provides that no action shall be brought in any court to charge any person upon any agreement made upon consideration of marriage unless the promise or agreement upon which such action is based shall be in writing. The article was pleaded in defendant's trial pleading upon which the summary judgment was based. The defense was established by plaintiff's own admissions under oath in his deposition. They show:

"Q. Well, you say, then, that in 1961, she made the promise that if you would marry her, she would set you up in business?

A. Well, she had made—she had discussed this earlier; this is not just a sudden thing.

Q. Well, when was the first time you would say she made a promise to do that?

A. I would say, possibly, in—I would say, possibly, in '59, when we went to Honolulu for a month, I would say, possibly, that is when it first came up.

Q. And did you consider that she had promised to do that then?

A. Yes, I sure did.

Q. That it was fully discussed and she made the promise to you that if you married her, she would set you up in business or—

A. That's right.

Q. —give you some money?

A. That's right."

*    *    *    *    *    *

"Q. But, so far as any promises are concerned, that was just if you would marry her, she would set you up?

A. That was all the agreement, that certainly was all the agreement.

Q. And her consideration, what she would have gotten out of it for setting you up in business was marriage, and that is it?

A. That's it."

*    *    *    *    *    *

"Q. As a condition of this promise, was there—was it understood between both of you that before there was any hundred grand put up, you would get married; that was a condition to the promise?

A. That was what she wanted.

Q. That was the other promise from you, or am I right?

A. Well, excuse me, I am tired and I am not following you.

Q. Well, was there ever any suggestion or agreement between you that she would put up this money if you didn't get married?

A. No, she wanted me to marry her, then she would give me the money.

Q. All right. So, you understood there would have to be a marriage before—

A. Yes, again, that is what I went along with, *  *  *."

■ Therefore, plaintiff's first three points are overruled.

Plaintiff's last point, in substance, is that the court abused its discretion in failing to continue the hearing on the motion for summary judgment in order to allow him to take defendant's deposition, though the language used in his motion is a request to vacate the hearing and he does not ask for it to be reset to a day certain.

Rule 330, V.A.T.R. prescribes the rules of practice and procedure in all civil actions in district courts in counties such as that applicable to the 47th District Court in Randall County. Section (c) provides cases may be postponed or continued on certain conditions and Section (d) provides a case " * * * may be postponed * * * or continued * * * on the same grounds as an application for continuance would be granted in other district courts. * * * " So, regardless of the language employed in the point, we believe it must be said that the motion sought a continuance.

Rule 166–A (f) provides the court "may order a continuance to permit affidavits to be obtained or depositions to be taken * * *."

For several reasons we believe the point is without merit in the record before us. Rule 324, V.A.T.R. provides generally that a motion for new trial is unnecessary in a judge-tried case but that it shall be " * * * a necessary prerequisite to consideration of the complaints mentioned in Rule 325." That rule provides, inter alia, that in motions for continuance the ruling of the court shall be considered acquiesced in unless complained of in a motion for new trial. No motion for new trial was filed. It has been held by our Supreme Court in an instructed verdict case (a judge-tried case permitting appeal without a motion for new trial) that such case required a motion for new trial in order to complain of the action of the trial court in overruling its motion for continuance. City of Corpus Christi v. Gregg, 155 Tex.

537, 289 S.W.2d 746. Therefore, we believe the error, if any, was not preserved.

Additionally, the motion was not verified nor supported by affidavit as required under Rules 251 and 252, V.A.T.R.

"Rules relating to continuances merely prescribe certain requisites of the application. Accordingly, if an application for continuance does not conform to the provisions of a statute or rule regulating same the granting of relief is within the sound discretion of the court. 13 Tex. Jur.2d, § 124, p. 54, and cases therein cited. If it is demonstrated that the rule has not been complied with it will be presumed, in the absence of a showing to the contrary, that the court has not abused its discretion. 13 Tex.Jur.2d § 125, p. 57; Gulf C. & S. F. Ry. Co. v. Brooks, 63 Tex.Civ.App. 231, 132 S.W. 95, err. ref.; Jinks v. Jinks, Tex. Civ.App., 205 S.W.2d 816; Motor Finance Co. v. Allen, Tex.Civ.App., 252 S.W.2d 1022". Bray v. Miller, 397 S.W.2d 103. (Tex.Civ.App., Dallas, 1965, no writ) See also Smith v. Crockett Production Credit Assoc., 372 S.W.2d 956 (Tex.Civ.App.-Houston, 1963, writ ref'd n. r. e.).

The record also fails to show the testimony sought by defendant's deposition is material and the materiality thereof. We believe that failure is also fatal to plaintiff's fourth point. Rule 252, V.A. T.R.; Wilson Finance Co. v. State, 342 S.W.2d 117 (Tex.Civ.App.-Austin, 1961, writ ref'd n. r. e.).

For all the reasons stated we hold the court did not abuse its discretion in refusing to continue or vacate the hearing on the summary judgment.

This court very carefully scrutinizes all judgments summarily rendered. We have this case. We believe it should be laid to rest. His only summary judgment component is his unsworn trial petition signed by his attorney. As opposed thereto appellee has in "evidence" supporting her motion for summary judgment this sworn

testimony above quoted from his deposition stating unequivocally that the consideration furnishing the basis for his claim for $100,000.00 from defendant was his promise of marriage to her. As heretofore shown, it was not in writing and is therefore unenforceable under the Statute of Frauds. Such testimony as is shown in the record by plaintiff in his deposition is so permiated with carnality of the lowest order that the case emits an aroma repulsive to all the higher senses. Nevertheless, it is sworn to as the truth and shows no cause of action when opposed by only an unsworn pleading. Kuper v. Schmidt, supra.

For all the reasons above stated and the authorities cited, the judgment of the trial court is affirmed.