Terry TRAWEEK, Appellant,

v.

RADIO BRADY, INC., et al., Appellees.

No. 11671.

Court of Civil Appeals of Texas.

Austin.

May 7, 1969.

Rehearing Denied May 28, 1969.

James O. Cade, Lubbock, for appellant.

R. Daniel Settle, with Cantey, Hanger, Gooch, Cravens & Scarborough, Fort Worth, Sam A. McCollum, III, Brady, for appellees.

PHILLIPS, Chief Justice.

This case comes to us in the form of a summary judgment proceeding. Appellant, a theatre operator in Brady, Texas, brought suit against the owner and operator of a radio station in that same city for malicious breach of contract for refusal to broadcast certain radio advertising on behalf of a movie entitled "The Graduate."

The trial court granted Appellee Radio station's motion for summary judgment and we affirm this judgment.

Appellant is before this Court on eight points of error.[1] The substance of these

1. "FIRST POINT: The error of the trial court in granting a summary judgment, when there was a question of fact raised by the pleadings and controverting affidavits as to the existence or nonexistence of a contract to broadcast certain advertising material over the radio station in question; SECOND POINT: The error of the trial court in granting a summary judgment when there was a question of fact raised by the pleadings and affidavits as to whether the alleged contract was breached by the defendants; THIRD POINT: The error of the trial court in granting the summary judgment when there was a question of fact raised by the pleadings and affidavits on file as to whether Defendant Haney, acting individually and as manager of Radio Brady, Inc. acted with malice in breaching the contract in question; FOURTH POINT: The error of the trial court in granting a summary judgment when the pleadings and affidavits on file raised a question of fact as to whether the editorial in question was published with malice and for the purpose of damaging the business, and the goodwill of said business of plaintiff; FIFTH POINT: The error of the trial court in granting a summary judgment when the fact question as to malicious intent to injure plaintiff was further raised by the conduct of Defendant Haney in ridiculing the plaintiff over the air after this suit was filed: SIXTH POINT: The error of the trial court in granting the summary judgment when it was shown by the pleadings and the affidavits on file, and is uncontroverted, that plaintiff had no notice of the filing of a Supplemental Motion for Summary Judgment on the Friday before the hearing and the following Monday, in violation of Rule 166–A, (f) Texas Rules of Civil Procedure; SEVENTH POINT: The error of the trial court in overruling Plaintiffs Motion for Leave to File Supplemental Pleadings which was filed within ten days after notice of the filing of Supplemental Motion for Summary Judgment by Defendant and EIGHTH POINT: The error of the trial court in granting Defendants' Motion for a Summary Judgment when it was shown that plaintiff had attempted to get the deposition of Defendant Haney and was entitled to additional time to take such deposition or the Motion for Summary Judgment should have been overruled."

points is the alleged errors of the court in failing to find fact questions as to the existence of the contract to broadcast certain advertising material over the radio station, as to a breach of this contract, whether Appellee acted in malice in breaching the contract, whether the court erred in overruling Appellant's motion for leave to file certain supplemental pleadings.

We overrule these points.

At the time of the hearing Appellant had alleged that: "Plaintiff and defendants entered into an oral contract * * * whereby Radio Brady, Inc., acting by and through its president, Haney, agreed to run advertisements over its * * * radio station advertising a moving picture known as 'The Graduate'. * * *"

In their original answer, Appellees denied any such agreement and further alleged that any such agreement would be illegal, void and unenforceable as a matter of law.

Attached to Appellees' motion for summary judgment is an affidavit by Appellee Haney, stating facts showing that Radio Brady, Inc. is duly licensed by the Federal Communications Commission and under the applicable laws and regulations, Appellees have the right to determine, select, supervise and control the material broadcast over its station and cannot assign, transfer or delegate these rights and duties. The affidavit further recites that Appellees had run one prerecorded advertisement, but refused to run certain other advertisements containing the language " * * * are you trying to seduce me?"

Appellant did not controvert this affidavit.

On the day of the hearing of the motion Appellant filed a pleading entitled "Plaintiff's Contest to Defendant's Application for Summary Judgment" to which was attached Appellant's affidavit and other exhibits.

In his affidavit Appellant stated that: "it not being the intent of this plaintiff to allege that there was a contract with Radio Brady, Inc. to 'run all material presented to Defendants by Plaintiff' but that the advertisements to be run were certain specific recorded advertisements to be run and which were each to be specifically agreed upon by the parties."

Thus at the hearing both parties were in agreement that Appellees had not agreed to broadcast all material presented them by Appellant, but, according to Appellant, the advertisements to be run "were each to be specifically agreed upon by the parties." These facts, as a matter of law, demonstrate that there was no contract, but merely an agreement to make a contract which is unenforceable because it is indefinite and uncertain. Radford v. McNeny, 129 Tex. 568, 104 S.W.2d 472 (Tex.Comm'n App.1937).

Appellees' position in this regard is further buttressed by the applicable Federal rulings and decisions to the effect that should Appellees agree to broadcast all advertisements tendered to them, without qualification, such an agreement would be illegal under the provisions of 47 U.S.C., Sec. 310(b). Also see National Broadcasting Company v. United States, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344, wherein the Court stated that the licensee has the duty of determining what programs shall be broadcast over his station's facilities, and cannot lawfully delegate his duty to transfer the control of his station directly or indirectly. The licensee is obliged to reserve to himself the final decision as to what programs will best serve the public interest. See also McIntire v. Wm. Penn Broadcasting Co. of Philadelphia, 3 Cir., 151 F.2d 597.

With respect to Appellant's contention that the alleged breach was done with malice: in the first place, at the time of the hearing Appellant had not alleged a cause of action against Appellees for a malicious breach of contract; in the second place, since the court found as a matter

of law that there was no contract, there could be no malicious breach.

In further support of his contention that Appellees breached an oral contract with malice, Appellant cites Appellees' refusal to give Appellant equal time to reply to an editorial broadcast by Appellees, which Appellant claims to be malicious. This editorial is quite long and it would serve no useful purpose to reproduce it here. Suffice to say that it is neither malicious nor actionable. It refers only to the movie in question; states certain facts concerning the plot, then editorializes on the fact that it is a picture for mature audiences and not children. Appellant filed no controverting affidavit as to the truth of any of the statements in the editorial.

If a publication is true, it is not slanderous, libelous or actionable. 36 Tex. Jur.2d, Libel and Slander, Sec. 52, p. 338. Further, Tex.Rev.Civ.Stat.Ann. art. 5432 states that a reasonable and fair comment or criticism of matters of public concern published for general information shall be deemed privileged and shall not be made the basis for any action for libel.

Appellant also contends that Appellees broadcast a newspaper account of the filing of this suit and states that this further raises the issue of Appellees' malicious intent to injure Appellant. We hold this to be without merit. Appellant has not quoted any portion of the broadcast, nor has Appellant alleged any portion of the broadcast to be untrue. Appellant merely alleges, by innuendo, the conclusion that the broadcast was made in such a manner as to ridicule Appellant. This is insufficient as a matter of law. Deen v. Snyder, 57 S.W.2d 338 (Tex.Civ.App. Fort Worth 1932, no writ).

We hold further that the court did not err in overruling Appellant's motion for leave to file supplemental pleadings and, also, in overruling a motion to take Appellee Haney's deposition.

At the hearing held on the motion the court orally ruled that no further pleadings would be permitted or considered. The record in a case must close at some stage in the proceedings and the trial court, absent an abuse of discretion, may determine when the record is closed. Rule 166–A, Texas Rules of Civil Procedure provides that opposing affidavits be filed prior to the date of hearing. The rule contains ample provisions for the protection of the litigants where it appears to the trial court that some modification of the literal requirements of the rule is required in the interest of justice. The rule contemplates that the trial court will have broad discretion in setting reasonable deadlines in summary judgment proceedings. Mason v. Mid-Continent Supply Co., 374 S.W.2d 922 (Tex.Civ.App. Fort Worth 1964, writ ref'd, n. r. e.).

The appellant knew, well in advance of the hearing, Appellees' contentions with respect to the alleged oral contract.

Appellant contends that he had no notice of a supplemental motion for summary judgment filed by Appellees several days before the hearing. This motion contained no surprise, and was not harmful to Appellant. Tex.R.Civ.P. 434. Consequently, it affords us no reason to reverse the judgment of the trial court.

The judgment of the trial court is affirmed.

Affirmed.