Bud WILKERSON, Appellant,

v.

Mrs. M. J. MOORE, Appellee.

No. 8103.

Court of Civil Appeals of Texas, Amarillo.

March 1, 1971.

J. G. Souris, Vernon, for appellant.

Rancier & Davis, Gowin Davis, Wichita Falls, for appellee.

ELLIS, Chief Justice.

This is an appeal from a summary judgment in favor of Mrs. M. J. Moore, Appellee, against Bud Wilkerson, Appellant, on a farm lease agreement.

The plaintiff, Appellee herein, filed her original petition in the 46th District Court of Wilbarger County, Texas, seeking recovery against the defendant, Appellant herein, for the sum of $1,425.00 alleged to be owing to her under a certain written farm lease contract, together with alleged damages to the barn located on the premises. The defendant, Appellant herein, filed a general denial as his original answer. Subsequently, on September 4, 1969, Appellee filed her motion for summary judgment for the sum of $1,425.00, with

affidavit attached. On September 9, 1969, Appellant filed application to take oral deposition of Appellee on September 23, 1969. On November 26, 1969, Appellant filed his sworn motion to compel Appellee to answer questions on deposition in which he claimed that Appellee had refused to answer upon her attorney's advice. In this motion he further made demand under subdivision (a) of Rule 215a of the Texas Rules of Civil Procedure for costs incurred, together with attorney's fees, in requiring Appellee to answer proper questions within the purview of the discovery statutes. Also, in this motion to compel answers, Appellant alleged that Appellee was insisting upon a setting and hearing of her Motion for Summary Judgment, and Appellant prayed that action be taken by the court on his motion to compel answers prior to the setting of the hearing on the Motion for Summary Judgment to enable him to properly prepare his defense.

The Appellee's Motion for Summary Judgment was set for hearing on December 22, 1969. On December 19, 1969, Appellant filed a Motion to Delay Hearing on Appellee's Motion for Summary Judgment on the alleged grounds that depositions of Appellee were incomplete and the completion of same was necessary to perfect his affidavit and pleas in opposition to Appellee's Motion for Summary Judgment and prayed for continuance until Appellant answered questions as previously requested. It is here noted that at such time the court had not acted upon the Appellant's previously filed sworn motion to compel answers by the Appellee in the discovery proceedings. On the same date, December 19, 1969, Appellant filed his First Amended Original Answer and Cross Action. Also, on the same date, December 19, 1969, Appellant filed his Reply to Motion for Summary Judgment with opposing affidavit attached. Appellant's attorney testified that he mailed a copy of such reply motion and affidavit by certified mail on December 19, 1969, to the attorney for Appellee who testified that he had not received such copy

at the time of the hearing on the Motion for Summary Judgment on December 22, 1969.

There was filed with this court a "Transcript of Evidence" relative to proceedings had at the hearing on Appellee's Motion for Summary Judgment on December 22, 1969. This transcript of evidence sets out the various matters discussed by the trial court with the attorneys for the respective parties together with certain testimony and arguments of such attorneys regarding the filing and mailing of certain instruments and other procedural matters related to the litigation. Among other things, such transcript of evidence disclosed that, over objections by Appellant's counsel, the court did not consider the Appellant's Reply to Motion for Summary Judgment and accompanying affidavit filed on December 19, 1969, on the ground that copy thereof had not been "served" upon or received by Appellee's counsel prior to the date of the hearing. Also, over objections by Appellant's attorney, the court overruled the Appellant's motion to compel further answers by Appellee on oral deposition. Further on December 22, 1969, Appellee's attorney filed and the court granted Appellee's Motion to Sever Appellant's Cross Action. Appellant's attorney objected to such motion and order for severance on the ground that the causes of action involving Appellant's Cross Action and Appellee's Motion for Summary Judgment were very closely interrelated and it would be proper that such causes be tried together. Also, on December 22, 1969, the court granted Appellee's Motion for Summary Judgment, and from such judgment Appellant brought this appeal.

Among the various points of error raised by Appellant is that the court erred in failing to consider Defendant's Reply Motion and affidavit in opposition to Appellee's Motion for Summary Judgment and that there exist various fact issues which preclude the rendition of a summary judgment.

The evidence shows that the Appellant's Reply Motion and affidavit were filed on December 19, 1969, a date prior to the date of the hearing on the Motion for Summary Judgment. Also, on December 19, 1969, the Appellant had filed his Motion for Postponement of Hearing on Appellant's Motion for Judgment for the purpose of securing additional answers in depositions, pursuant to a previously filed sworn motion to compel Appellee to answer questions under discovery proceedings (upon which the court had taken no action) to enable him to seek to controvert the pending motion for summary judgment.

It has been held that an application for postponement for additional time to supply additional facts to supplement or otherwise perfect a controverting or opposing affidavit or other plea to a motion for summary judgment is, in effect, a motion for continuance which is addressed to the sound discretion of the court. Further, such application for additional time need not show strict compliance with all requirements of a formal motion for continuance. Green v. Smart, 333 S.W.2d 880 (Tex.Civ.App.—Dallas 1960, no writ).

Also, subdivision (c) of Rule 166–A, T.R.C.P., which provides that an adverse party may serve opposing affidavits prior to the day of hearing on motion for summary judgment, has been held to be directory only. City National Bank v. Bradshaw, 433 S.W.2d 955 (Tex.Civ.App.—Fort Worth 1968, no writ).

Appellee cited the case of Lawyer's Surety Corporation v. Investors Mutual of Nueces, Inc., 353 S.W.2d 882 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.), wherein the Court of Civil Appeals affirmed the summary judgment entered by the trial court and stated that the Appellant's sworn answer filed on the day of the hearing came too late to be regarded as an opposing affidavit. There were, however, in that case, other grounds upon which the court could have affirmed the trial court's judgment. After pointing out certain defi-

ciencies in the sworn pleadings, the court stated that even if the allegations in question were to be considered as an opposing affidavit, "it does not sufficiently contradict the affidavit of appellee to raise an issue of fact."

In the instant case, wherein the reply motion and affidavit were filed three days prior to the date of the hearing, a comparison of Appellee's Motion for Summary Judgment and affidavit and the Appellant's Reply Motion and opposing affidavit indicates a denial under oath by Appellant of certain statements made by Appellee in her fidavit regarding Appellant's conduct in relation to her interpretation of his obligations under the lease. Also, on the state of the record in this court, it appears that there is lack of clarity and possible ambiguity regarding the manner and time of giving notice of tenant's intention to terminate the lease and as to tenant's rights regarding unharvested crops after the date of expiration of the lease. Further, the question is raised regarding the possession and occupancy of the premises by a subsequent tenant during a portion of the period for which Appellee claims that Appellant owes money for unpaid rent. Additionally, Appellant insists in his reply to Appellee's Motion for Summary Judgment that questions regarding novation or mutual cancellation of the lease agreement have been raised by the Appellee.

In Brown v. Aetna Casualty and Surety Co., 366 S.W.2d 673 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.), it was held that it was properly within the trial court's discretion to permit the filing of an affidavit opposing a motion for summary judgment on the day of the hearing on the motion. In King v. Rubinsky, 241 S.W.2d 220 (Tex. Civ.App.—Waco 1951, no writ), a summary judgment was reversed wherein the affidavit filed on the day of the hearing was stricken by the trial court on motion by the party moving for the summary judgment. In this case, the court emphasized the importance of considering all aspects of the case where a pleading in opposition to the motion for summary judgment has been filed even on the day of the hearing. Concerning these matters the court stated:

"* * * On hearing the motion for summary judgment, the court's prerogative is to determine, if possible, whether there is a genuine controversy between the litigants. If it is clear there is none, then it is his duty to grant the motion. If the matter is reasonably doubtful the motion should be refused. * * *"

In view of the foregoing authorities and from the record before us it appears that all matters were not sufficiently developed and considered to justify a determination by the trial court that there were no genuine issues in the case to be tried. A consideration solely of Appellee's pleadings and affidavit relative to the Motion for Summary Judgment indicates at least some reasonable doubt as to the non-existence of genuine issues of material fact. If any consideration is given to Appellant's Reply Motion and opposing affidavit, it appears that Appellee has not met its burden of showing conclusively the absence of material fact issues. In consideration of all of the record and the circumstances surrounding this case, we hold that the trial court's action in granting the motion for summary judgment was not justified. Because of this holding, we deem it unnecessary to discuss separately the various points raised by the respective parties.

Accordingly, the judgment of the trial court in granting Appellee's Motion for Summary Judgment is reversed and the cause remanded to the trial court for further proceedings.