**ENTERPRISES AND CONTRACTING COMPANY, Appellant,**

v.

**PLICOFLEX, INC., Appellee.**

**No. 16547.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1975.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellant.

Robert W. Simmer, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit by plaintiff-appellant, Enterprises and Contracting Company, to collect a judgment rendered in its favor and against defendant-appellee, Plicoflex, Inc., by the Beirut Commercial Court of the First Instance in the State of Lebanon.

Plicoflex answered that the Beirut Court did not have personal jurisdiction over it and that it had a valid defense to the claims of plaintiff. Plicoflex made a motion for summary judgment and plaintiff filed a motion for continuance. Plaintiff's motion was denied, the summary judgment hearing was held and motion granted on March 3, 1975 and the summary judgment was signed and entered in behalf of Plicoflex on March 20, 1975.

Appellant's first point of error asserts that the trial court abused its discretion by not granting appellant's motion for continuance. The motion for continuance was filed pursuant to Rule 166–A(f) which provides as follows:

"Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

In the motion for continuance, counsel for appellant stated that: he was served with a copy of Plicoflex's motion for summary judgment on February 19, 1975, and was furnished with a copy of the answer some time after that; it was not until the aforementioned times when he was apprised of Plicoflex's allegations and motion for summary judgment that he could prepare his summary judgment proof; upon receipt of the answer, inquiries were made to appellant in Beirut, Lebanon; communication between counsel and appellant is extremely difficult; and there was no person within the United States from whom counsel could have obtained the necessary information and summary judgment proof. He further stated that the motion for continuance was not a dilatory tactic exercised for the purpose of delay, and requested that the motion be continued on the docket for a period of at least ninety days, to provide him with

an opportunity to present affidavits in opposition to Plicoflex's summary judgment proof. Only twelve days after the motion for summary judgment was filed, the motion for continuance was denied and summary judgment was entered. It is appellant's contention on this appeal that ". . . it has not had a proper opportunity to fairly present its case in this matter . . ."

Plicoflex counters that appellant's motion for continuance did not fully comply with the requirements of Rule 252, T.R.C.P., and therefore was properly denied by the trial court. Rule 252 requires inter alia, that the movant for continuance for want of testimony shall show that the testimony is material. Plicoflex asserts that appellant's motion was deficient in this regard. The motion for continuance stated the following:

> "As soon as Plaintiff's Counsel secured the answer of Defendant, inquiries were made of the Plaintiff of the facts necessary to be presented in order to refute the Motion for Summary Judgment filed by the Defendant."

The basis for Plicoflex's motion for summary judgment and the sole import of his summary judgment proof was that none of the officers of Plicoflex and neither of the registered agents in Texas or Delaware had been served with process in the Beirut case. Yet it appears on the face of the motion for continuance that appellant's summary judgment proof or the testimony to be obtained would assert that there had been service of process on Plicoflex which proof was, of course, material to the disposition of the case.

■ Both the Courts of Civil Appeals in Dallas and Amarillo have held applications for additional time under the summary judgment provision of Rule 166-A do not necessitate a strict compliance with all the requirements of Rule 252. *Green v. Smart,* 333 S.W.2d 880, 885 (Tex.Civ.App.—Dallas, 1960, no writ history); *Wilkerson v. Moore,* 465 S.W.2d 382, 384 (Tex.Civ.App.—Amarillo, 1971, no writ history). A case closely in

point with the instant case is *Watson v. Godwin,* 425 S.W.2d 424 (Tex.Civ.App.— Amarillo, 1968, writ ref'd n. r. e.). *Watson* is a summary judgment case in which the motion for continuance was neither verified nor supported by affidavit and in which the record failed to show that the testimony sought was material. The court held that the failure to show materiality was "also" fatal to the point of error. Such holding was preceded by the following statement of the law in Texas:

> "Rules relating to continuance merely prescribe certain requisites of the application. Accordingly, if an application for continuance does not conform to the provisions of a statute or rule regulating same the granting of relief is within the sound discretion of the court . . . If it is demonstrated that the rule has not been complied with it will be presumed, in the absence of a showing to the contrary, that the court has not abused its discretion." Id. at pg. 430.

In *Traweek v. Radio Brady, Inc.,* 441 S.W.2d 240 (Tex.Civ.App.—Austin, 1969, writ ref'd n. r. e.), the court found no abuse of discretion when the trial court overruled a motion for leave to file supplemental pleadings at the summary judgment hearing. The following observation was, however, made in *Traweek* at page 243:

> "Rule 166-A, Texas Rules of Civil Procedure, provides that opposing affidavits be filed prior to the date of hearing. The rule contains ample provisions for the protection of the litigants where it appears to the trial court that some modification of the literal requirements of the rule is required in the interest of justice. The rule contemplates that the trial court will have broad discretion in setting reasonable deadlines in summary judgment proceedings."

■ We are of the opinion that the trial court abused its discretion in overruling appellant's motion for continuance. However such error was not properly pre-

served. The ruling of a court with regard to a motion for continuance shall be considered to have been acquiesced in unless complained of in the motion for new trial. Rule 325, T.R.C.P. That rule applies where summary judgment has been granted. *Watson v. Godsin,* 425 S.W.2d 424, 430 (Tex. Civ.App.—Amarillo, 1968, writ ref'd n. r. e.); *Shaw v. Transport Life Ins. Co.,* 498 S.W.2d 495, 499 (Tex.Civ.App.—Texarkana, 1973, no writ hist.). It is further necessary that a motion for new trial be filed within ten days after the judgment is rendered. Rule 329b, T.R.C.P.

█ In the instant case, appellant filed "Plaintiff's Motion for Reconsideration" which might be considered a motion for new trial. The transcript indicates that the motion was filed on April 3, 1975. The summary judgment was signed on March 20, 1975. Since fourteen days had elapsed between the entry of judgment and the motion for "new trial," the motion was not timely filed.

The court's overruling of the motion for continuance must, therefore, be considered to have been acquiesced in notwithstanding appellant's position to the contrary on this appeal. Rule 374, T.R.C.P.

The second and final point of error states that the trial court erred in granting summary judgment for Plicoflex. In its motion for summary judgment, Plicoflex asserted that none of its officers or registered agents were served with process in Cause No. 402 of the Beirut Commercial Court of the First Instance. Said court entered the judgment which is the subject of the instant litigation. As proof of its contention, Plicoflex submitted the affidavit of each officer of the corporation stating the following:

> "Within my own knowledge, no service of citation or summons was had upon me, nor am I aware of service on any other officer of Plicoflex, Inc., in Lebanon, or any territory or possession of the United States or any citation or summons related

to such suit which is the basis of the purported judgment."

Mr. Carl H. Schulse, secretary-treasurer of Plicoflex, further stated in his affidavit that the Corporation Trust Company of Wilmington, Delaware, was Plicoflex's registered agent for service of process in the State of Delaware and C T Corporation System was its registered agent "in all other places where Plicoflex, Inc., transacts business under the jurisdiction of the United States Government." The affidavits of the registered agents stated that no service was had upon them either in Delaware or at the Houston office of C T.

█ The applicable laws of Lebanon were neither plead nor proved by either party. In absence of pleading and proof, the law of a foreign country is presumed to be the same as the law of Texas. *Tortuguero Logging Operation, Ltd. v. Houston,* 349 S.W.2d 315, 318 (Tex.Civ.App.— San Antonio, 1961, writ ref'd n. r. e.); *Casey v. Sanborn's, Inc. of Texas,* 478 S.W.2d 234, 239 (Tex.Civ.App.—Houston [1st], 1972, no writ hist.); *Ochoa v. Evans,* 498 S.W.2d 380, 387 (Tex.Civ.App.—El Paso, 1973, no writ hist.). The adequacy of service of process, if any, on Plicoflex in the instant cause must therefore be measured against the requirements of Texas law. Vernon's Ann.Civ.Stat. art. 2031a requires a foreign corporation doing business in Texas to designate a resident of Texas to be its registered agent upon whom process may be served in all suits in which the foreign corporation is to be made a party. Service upon such agent "shall be taken and held as due service on said corporation."

██ It was the burden of Plicoflex to prove, as a matter of law, that it had *not* been served with process in the Lebanese cause. In *Pattison v. Highway Insurance Underwriters,* 292 S.W.2d 694, 699 (Tex.Civ. App.—Galveston, 1956, writ ref'd n. r. e.), this court (Gannon, J.) held that:

> ". . . [I]n summary proceedings the burden rests heavily upon the moving party to negative conclusively the exist-

ence of a genuine issue in regard to some controlling fact entitling the movant to judgment. And that where it appears that such an issue 'may exist,' summary relief is to be denied without regard to informalities or defects in the resisting party's showing."

Thus, in the instant case, while the burden of proving that Plicoflex had properly been served with process will be on Enterprises and Contracting Company at the regular trial, Plicoflex, as movant, had the burden of proving at the summary judgment hearing that it had *NOT* been properly served. *Cheatwood v. Jackson,* 442 S.W.2d 789, 793 (Tex.Civ.App.—Houston [14th] 1969, writ ref'd n. r. e. at 445 S.W.2d 513). If Plicoflex failed to satisfy its burden, it is of no moment that appellant offered no summary judgment proof. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970).

■ Applying Texas law to the instant case, Plicoflex failed to establish that there was no issue of material fact and that it was entitled to judgment, as a matter of law, pursuant to Rule 166 A. Plicoflex did not deny that it did business in Lebanon, and it did not establish that it had no registered agent for the purpose of service of process in Lebanon. Plicoflex further did not clearly establish that such an agent was not served with process consistent with a Lebanese long-arm statute, which is presumed to be the same as that of the State of Texas. Thus, there exists a fact issue as to whether or not there was such an agent and whether or not such agent was served. The court erred in rendering a summary judgment in favor of Plicoflex.

Appellee cites *Sidran v. Tanenbaum,* 391 S.W.2d 93 (Tex.Civ.App.—Dallas, 1965, no writ hist.), for the proposition that in suit to enforce a foreign judgment, the plaintiff cannot succeed in a summary judgment proceeding without showing that defendant had been properly served. *Sidran* is distinguishable from the instant case, however, because in *Sidran* it was the plaintiff who moved for summary judgment and who had

the burden of proving his right to recover, as a matter of law.

There is discussion in both briefs concerning the judgment attached to plaintiff's original petition with regard to its authenticity and admissibility. While the copy may not be admissible into evidence, a question we need not determine, it was neither offered nor received into evidence at the summary judgment hearing. We note that attached to plaintiff's motion for reconsideration were numerous affidavits and documents obtained from people in Lebanon regarding Lebanese law, proof of service of citation on Plicoflex and other data in both Arabic and English. This material was not before the trial court when it considered the motion for summary judgment. None of these evidentiary matters have been considered by the court.

Reversed and remanded.