**Ancel M. AUTRY et al., Appellants,**

v.

**Anita D. AUTRY, Appellee.**

**No. 5462.**

Court of Civil Appeals of Texas.

El Paso.

Sept. 27, 1961.

Rehearing Denied Oct. 25, 1961.

Sanders & Stanford, Canton, Wynne & Wynne, Wills Point, for appellants.

W. Ernest West, Canton, Wilbur J. Barnes, Richard W. Barnes, Rockville, Md., for appellee.

LANGDON, Chief Justice.

This is an appeal from an order of the District Court of Van Zandt County, Texas, sustaining appellee's plea in abatement and plea to the jurisdiction, and ordering the dismissal of a suit brought by Ancel M. Autry against appellee, Anita D. Autry, for divorce and for adjudication of the custody of five of the six minor children born of their marriage. The court's order also dismissed a suit filed by W. M. Autry and wife, Mary Lou Autry (paternal grandparents of the children involved), as intervenors, for custody of the minor children. From such order of the court, appellants (plaintiff and intervenors) have perfected their appeal.

For purposes of clarity, the parties on appeal will be referred to as they were in the trial court.

Plaintiff and defendant were married in California on June 13, 1947. Six children, who are now living, were born of the marriage. Prior to August 13, 1958, plaintiff and defendant had lived continuously for several years in Montgomery County, Maryland; and, unquestionably, the marital domicile and legal residence of both plaintiff and defendant immediately prior to August 13, 1958, was in the State of Maryland. However, plaintiff left Maryland on August 13, 1958 and went to Texas, taking the five eldest children with him, and leaving defendant and the youngest child of the marriage (then about eight months of age) in Maryland. Plaintiff advised the defendant that he was not coming back to Maryland, and that he would not send the children back.

The chronological order of the litigation that followed controlled the trial court's disposition of the case below, and we think

those facts, as found by the trial court and as disclosed by the record before us, are controlling here.

Some six weeks prior to the filing of plaintiff's action in the district court of Van Zandt County, Texas, defendant filed a suit in Maryland against the plaintiff seeking a divorce "a mensa et thoro", and custody of the one child of the marriage then in Maryland. Plaintiff was duly summoned as required by the laws of the State of Maryland, but failed to appear, and an order that the Bill of Complaint be taken "pro confesso" was entered by the Maryland court against said Ancel M. Autry on January 22, 1959.

Defendant's Maryland action against plaintiff was commenced on November 3, 1958. An order of publication required by the laws of the State of Maryland was made by the clerk of the circuit court for Montgomery County, Maryland, on the same date, and same was served on plaintiff by a deputy sheriff of Van Zandt County, Texas, on December 3, 1958. Thereafter, on December 23, 1958, plaintiff filed his suit against defendant in the district court of Van Zandt County, Texas; but service was not had on defendant, Anita D. Autry, in such suit until June 29, 1959. In the meantime, on March 2, 1959, a decree of divorce was made and entered by the circuit court of Montgomery County, Maryland, granting defendant herein, Anita D. Autry, her divorce as prayed for, and awarding to her the custody of the one minor child then in the State of Maryland.

Plaintiff and intervenors (appellants herein) have not complained of the Maryland divorce and the validity of such judgment has not been attacked, nor do appellants complain of the Maryland court's decree awarding defendant custody of the youngest of the six children born of the marriage. They do argue—and the only point before us on this appeal is the contention—that the trial court erred in sustaining defendant's plea to the jurisdiction and in abatement and dismissing this cause

for adjudication of the custody of the five older children on the ground that the trial court had jurisdiction of the custody question independently of plaintiff's action for divorce, and that it was the duty of such court to adjudicate the custody of the children.

A foreign judgment or decree of a court of competent jurisdiction is presumed to be valid, and the burden of showing its invalidity is upon the person who attacks it. Under the full faith and credit clause of the United States Constitution, ar... 4, § 1, courts must accord prima facie validity to a divorce decree of a sister state; there is a rebuttable presumption that the decree is valid, which includes a presumption that the foreign court had full and adequate jurisdiction to grant a divorce; that one of the parties had a domicile within the jurisdiction for divorce; and that there was proper process and service of process. 17a Am.Juris. 138, Divorce and Separation, sec. 956.

For purposes of this opinion, we assume that the divorce obtained by defendant in the State of Maryland was valid and is entitled to full faith and credit in Texas.

The real controversy here, then, is not concerned with the validity of the Maryland divorce, but with the adjudication of the custody of the five oldest children of the marriage.

Until August 13, 1958, all six children were physically located in Montgomery County, Maryland. On that date plaintiff took the five oldest children and started for Texas, leaving defendant and the youngest child in Maryland. After obtaining a divorce "a mensa et thoro" in the Maryland court, by a decree dated March 2, 1959, in which defendant was also awarded custody of the youngest child, defendant then went to Texas in May of 1959, recovered the five oldest children, who were then being cared for by intervenors (paternal grandparents of the children), and returned them to the State of Mary-

land. On May 15, 1959, the children then being again physically present in the State of Maryland, defendant filed a petition for custody and support of the five children in the circuit court of Montgomery County, Maryland. Service of the Maryland custody proceeding was had on plaintiff in Van Zandt County, Texas, on May 18, 1959 and, *thereafter* (some time in June, 1959), plaintiff returned to Maryland and, without the knowledge or consent of defendant, obtained possession of the children and fled with them to Texas, thus attempting to escape the Maryland jurisdiction.

The record in this case reflects that on December 23, 1958, at a time when plaintiff had completed less than five months of the Texas residence requirements of the statute (Art. 4631, Vernon's Annotated Texas Civil Statutes), and after he had already been personally served with process in his wife's action for divorce in Maryland, he filed his original petition for divorce in the district court of Van Zandt County, Texas. No process or service of process was had on defendant at that time, and the record does not reflect that any attempt was made to serve the defendant therein, or that she even knew of the pendency of such an action at all, until after plaintiff had returned to Maryland to get the children and then fled back to Texas where, on June 27, 1959, he filed his first amended original petition, and secured a restraining order and temporary injunction against defendant, which was served on her on June 30, 1959.

■ The history of the controversy between plaintiff and defendant in this case is, unfortunately, all too typical of divorce cases involving the custody of children. The State of Maryland having been the marital domicile of the parties, it was at least the most logical forum in which to litigate, not only the issue of divorce, but the question of custody. Where it is possible for all the children of a marriage to be kept together and reared as a family of brothers and sisters, it is not in the best interest of the children that custody of one or more be awarded to one parent, and the balance to the other.

Since the defendant, the mother of the children, had not been served with any form of process, and presumably had no notice of any legal action taken by her husband to secure custody of the children on the occasion of her trip to Texas to see the children, she—at that time—had rights equal to those of her husband with respect to the children. Once the children had been removed from Texas to Maryland, defendant initiated her suit for custody and support. Because the State of Maryland had been the marital domicile of the parties immediately preceding their separation and divorce, and because the children were then physically present within the jurisdiction of the Maryland court, we believe the jurisdiction of such court was properly invoked, process having issued and personal service having been had on plaintiff. To permit or condone the action of plaintiff, after having been served with process, to go to Maryland and to remove the children from that state for the sole purpose of depriving the Maryland court of its jurisdiction to hear and determine the question of custody, would destroy the orderly administration of justice between residents of different states.

■ We hold, therefore, that the trial court did not err in sustaining defendant's plea in abatement and plea to the jurisdiction and in dismissing plaintiff's suit for divorce and custody of the children.

While it is true that the Maryland court had not yet heard evidence or made any final adjudication of the custody of the five minor children at the time they were removed from the state and the jurisdiction of the court by their father, plaintiff herein, its jurisdiction to do so had attached. Upon principles of comity, the Texas court recognized the jurisdiction of the Maryland court to adjudicate the custody of the children. Comity is not a rule of law, but one of practice, convenience and expediency.

It does not command, but it does persuade, and it has its value in securing uniformity of decision and in discouraging repeated litigation of the same question. It has its application and best use in cases such as the case now before us, where one authority simply gives way to another. It has no application where what is done by one court is with the concurrence of the other.

Since the intervenors have not separately briefed any points on this appeal, we believe our holding above also disposes of their contentions. We think, too, that intervenors have failed to establish a justiciable interest in the litigation, and that no further discussion is necessary.

Finding no error, appellants' points are overruled, and the judgment of the trial court is affirmed.