**Cheryll Dee (Kosel) WRISTEN, Appellant,**

v.

**David Harold KOSEL, Appellee.**

**No. 11–87–176–CV.**

Court of Appeals of Texas, Eastland.

Dec. 31, 1987.

Rehearing Denied Jan. 28, 1988.

Charles E. Myers, Rhodes, Heatherly & Myers, Abilene, for appellant.

Malcolm Schulz, Schulz & Robertson, Abilene, for appellee.

## OPINION

DICKENSON, Justice.

This is a child custody case. The jury found that the minor child's father should be appointed managing conservator, and the decree of divorce was rendered pursuant to the jury's verdict. The child's mother appeals. We affirm.

Cheryll Wristen was a young widow with two small children [Carrie Wristen and Bryan Wristen] when she married David Kosel on April 8, 1983. Cheryll and David had one child of their marriage, Amber Renee Kosel, a little girl who was born on February 7, 1984. Cheryll and David separated on February 12, 1986, and their custody dispute was resolved by a jury trial on March 16 and 17, 1987. There were no timely objections to the charge which reads in pertinent part as shown:

In your determination of which parent should be appointed managing conservator of the child, you shall consider the qualifications of the respective parents without regard to the sex of the parent. *The best interest of the child shall always be your primary consideration* in answering the issue, though you shall consider the circumstances of each parent.

In this connection, you are instructed that the rights of the father and mother are equal with respect to the managing conservatorship of the child, but *the welfare and best interest of the child is of controlling importance,* and it will be your duty to find according as you may believe, from a preponderance of all the evidence, as to what will be for the welfare and best interest of the child, and you will answer the issue as you may find the facts to be. (Emphasis added)

The only special issue submitted to the jury [and the jury's answer] reads in full as shown:

Considering the best interest and welfare of the child, do you find from the preponderance of the evidence that the Mother or the Father shall be appointed Managing Conservator (Custodian) of the child?

Answer "Mother" or "Father"

ANSWER: <u>FATHER</u>

The child's mother, as appellant, presents these six points of error:

POINT ONE. The trial court erred in submitting the following special issue to the jury:

Considering the best interest and welfare of the child, do you find from a preponderance of the evidence that the mother or father shall be appointed managing conservator (custodian) of the child?

Because the custody of two or more siblings should not be divided, except for clear and compelling reasons.

POINT TWO. The trial court erred in failing to explain by way of definition or special instruction that siblings must only be divided for clear and compelling reasons.

POINT THREE. There is no evidence to sustain a finding that there were clear and compelling reasons to divide Amber from her half siblings, Bryan and Carrie Ann.

POINT FOUR. There is insufficient evidence to sustain a finding that there were clear and compelling reasons to divide Amber from her half siblings, Bryan and Carrie Ann.

POINT FIVE. The erroneous submission of the sole special issue in terms of "preponderance of the evidence" rather than in terms of "clear and compelling reasons" constituted fundamental error

because error in a child custody proceeding directly and adversely affects the public interest.

POINT SIX. The error of the trial court to explain to the jury by way of definitions or special instructions that siblings must only be divided for clear and compelling reasons constituted fundamental error because error in a child custody proceeding directly and adversely affects the public interest.

All six points of error have been considered, and each is overruled.

■■■ First, any complaint as to the trial court's charge to the jury was waived because of the failure to comply with the requirements of TEX.R.CIV.P. 274. Moreover, we hold that this special issue was correctly submitted. See TEX.FAM.CODE ANN. sec. 14.07 (Vernon 1986).

■■■ Second, any complaint as to the absence of an explanatory instruction was waived because of the failure to comply with the requirements of TEX.R.CIV.P. 273. Moreover, the record shows that Amber is the only "child of this marriage." See, e.g., *Zuniga v. Zuniga*, 664 S.W.2d 810 at 812 (Tex.App.—Corpus Christi 1984, no writ), where the court stated:

> It is well settled in Texas that the custody of two or more *children of a marriage* should not be divided, except for clear and compelling reasons. (Authorities omitted) (Emphasis added)

Carrie and Bryan are children of the mother's prior marriage. The jury was properly instructed to consider the "best interest and welfare of the child (Amber)" because her custody was the only disputed issue in the case. We are confident that the jury considered Amber's relationship with her half-sister and half-brother along with Amber's relationship with each of her parents. Appellant's counsel on appeal urges out-of-state authorities to support his contention that the jury should have been instructed not to separate the custody of the child of this marriage from the custody of her mother's other two children, except for clear and compelling reasons. We are not persuaded that this requirement should be engrafted upon the Texas Family Code by an appellate court, especially when the issue was not urged in the trial court. Further, we are mindful of the fact that there are now many situations where there are three sets of children [the father's child or children from one or more prior marriages; the mother's child or children from one or more prior marriages; and the child or children of the marriage between the father and the mother]. The legislature's direction in Section 14.07, supra, that the "best interest of the child shall always be the primary consideration" gives the trial court and jury sufficient guidance on the matter.

■■■ Points three and four are overruled because we find that there is evidence which is both legally and factually sufficient to support the jury's finding that the father should be appointed managing conservator. See *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The mother and her supporting witnesses testified to facts which would have justified a verdict in her favor. In like manner, the father and his supporting witnesses testified to facts which support the jury's verdict in his favor. The jury was given the responsibility of resolving this disputed fact issue, and no appellate court is free to disregard the jury's verdict unless it is so against the great weight and preponderance of the evidence as to be manifestly unjust. Moreover, as noted in our discussion of point two, there was no requirement that the jury find "clear and compelling reasons" to separate Amber from Carrie and Bryan.

■■■ Points five and six are overruled because there was no "fundamental error" in the charge. The Supreme Court made it abundantly clear in *Pirtle v. Gregory*, 629 S.W.2d 919 at 920 (Tex.1982), that:

> Fundamental error survives today [but only] in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected.

The record in this case shows that the trial court had jurisdiction, and we hold that the public interest is neither directly nor adversely affected by the question of which

---

parent is appointed as managing conservator of the minor child. Both parents love the child, and both have the ability to take care of the child. Neither parent's parental rights have been terminated, and Amber will be permitted to visit with her mother and her mother's other two children. The decree is subject to modification pursuant to TEX.FAM.CODE ANN. sec. 14.08 (Vernon Supp.1988). All of the "fundamental error" cases cited by appellant are factually distinguishable. For example, *Woodard v. Texas Department of Human Resources,* 573 S.W.2d 596 (Tex.Civ.App.— Amarillo 1978, writ ref'd n.r.e.), dealt with the termination of parental rights while the case before us deals only with the issue as to which parent shall have custody as managing conservator and which shall have visitation rights as possessory conservator.

The judgment of the trial court is affirmed.