Susan H. **PIZZITOLA**, Appellant,

v.

Thomas A. **PIZZITOLA**, Appellee.

No. 01–87–00243–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1988.

Rehearing Denied April 28, 1988.

Donna M. Bobbitt, Houston, for appellant.

S.C. Childress, Houston, for appellee.

Before COHEN, HOYT and JACK SMITH, JJ.

JACK SMITH, Justice.

This is an appeal from an award of child custody in a divorce action. The granting of the divorce and the property settlement are not contested.

The parties were married on January 1, 1983. One child, Andrea, was born during the marriage. The appellant also had custody of a child from a previous marriage, Brittney. The parties separated in October of 1984, when Andrea was five months old. A later attempted reconciliation failed, and the appellee moved out in May 1986.

The issue of child custody was decided by the jury. Witnesses for both of the parties testified about parental capabilities. The appellant testified that, during marriage, she had been the primary caretaker of the children. The appellee testified that he assisted the appellant in the raising of the children. He testified further that the appellant occasionally drank to excess and smoked in the children's presence. He felt smoking was a particular concern because Andrea was extremely allergic to smoke.

■ In her first two points of error, the appellant contends first, that the trial court erred in refusing to submit her instruction requiring the jury to find a clear and convincing reason to support a decision to split custody of the two children. Second, the appellant argues that there was no evidence, under the clear and convincing test, to justify the separation of the children.

Tex.Fam.Code Ann. sec. 14.07(a) (Vernon 1986) provides: "The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child." The courts have further found that the custody of two or more children *of the same marriage* should not be divided, except for clear and compelling reasons. *Q. v. P.*, 560 S.W.2d 122, 127 (Tex.Civ.App.— Fort Worth 1977, no writ); *Griffith v. Griffith*, 462 S.W.2d 328, 330 (Tex.Civ.App.— Tyler 1970, no writ); *Autry v. Autry*, 350 S.W.2d 233 (Tex.Civ.App.—El Paso 1961, writ dism'd); *Beasley v. Beasley*, 304 S.W.2d 158 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.).

We note that the key presumption underlying the cited cases is that the children are born of the same marriage. In the instant case, the older child, Brittney, is not of the parties' marriage. In the recent case of *Wristen v. Kosel*, 742 S.W.2d 868 (Tex.App. —Eastland, 1987, n.w.h.) (not yet reported), the court, after finding that the objection had been waived, held that a jury charge requiring clear and compelling reasons for split custody did not apply in cases where the children involved were of prior marriages. The Eastland Court held that an appellate court should not create this type of standard, and that "the best interest of the child" standard, as dictated in section 14.07, gave the trial court and jury sufficient guidance on the matter. We agree with the reasoning in *Wristen*.

The appellant states that she does not disagree with the *Wristen* decision and asserts that the instruction that she requested was not requested in *Wristen*. She points out that her requested instruction stated: "That the custody of the siblings, Andrea and Brittney, shall not be split unless there is a clear and compelling *reason* to do so." (Emphasis added). In her oral argument to this Court, the appellant conceded that her submitted instruction would not be proper in all cases where the chil-

dren had only one parent in common. However, she urged that, under the particular facts of this case, the instruction was appropriate and should have been included in the jury charge.

We find nothing in this case that makes it different from any other case where a minor child is brought from a first marriage into a second marriage by a parent, and then a child is born of the second marriage.

The appellant's attempt to distinguish "clear and compelling *reason*" from "clear and compelling *evidence*" in the instruction is innovative and thought provoking. However, we cannot agree with her reasoning. The fault we find in her premise is that to reach a "clear and compelling reason" one must, of necessity, have "clear and compelling evidence" as a basis for such conclusion. Thus, we find the appellant's effort to distinguish her proffered instruction from the instruction of "clear and compelling evidence" to be one of semantics only, i.e., a distinction without a difference.

The appellant's first and second points of error are overruled.

In her third point of error, the appellant contends that the jury's answer was against the great weight and preponderance of the evidence and was factually insufficient to support the jury's finding that the appellee should be managing conservator of Andrea.

■ In reviewing all questions of "factual sufficiency," regardless of whether the complaining party had the burden of proof on the issue, we must consider and weigh all the evidence, both in support of and contrary to the challenged finding. The finding must be upheld unless we find that the evidence is so weak or the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Sheridan & Son Co. v. Seminole Pipeline Co.*, 731 S.W.2d 620, 623 (Tex.App.—Houston [1st Dist.] 1987, no writ). We have no authority to disregard the finding or to make a contrary finding in entering judgment for one of the parties. *Garza v.*

*Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We may not substitute our opinion for that of a trier of fact merely because we might have reached a different fact conclusion. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951); *Thompson v. Wooten*, 650 S.W.2d 499, 501 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Testimony at the trial indicated that the appellee was living with his parents while awaiting the outcome of the custody dispute. The appellee testified that if given custody, he would provide a good home and care for the child. Other testimony showed that the appellee loved children and was willing to spend time playing, teaching, and caring for them. The appellee contended that the appellant occasionally drank to excess, smoked in the presence of the children, and was not always affectionate with the two girls. The appellant testified that she currently had a home for the child to live in and allowed Andrea to have a private bedroom. She testified further that she did not drink to excess and was affectionate with the children. She testified that the appellee was too strict.

Various witnesses testified for both sides as to their strengths and weaknesses in the proper raising of the children. The jury considered: (1) the parental ability of both parties; (2) each party's plans for the child; (3) the stability of the home of each party; (4) the acts or omissions of each party; and (5) any excuse for the acts or omissions. The jury determined that Andrea's interests would best be served by living with her father.

As the trier of fact, the jury is the sole judge of both the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon*, 682 S.W.2d at 677. As the fact finder, the jury judged the demeanor and testimony of each of the witnesses. We hold that there was sufficient evidence to support the jury's finding.

The appellant's third point of error is overruled.

The trial court's judgment is affirmed.

The appellant's third point of error is overruled.

The trial court's judgment is affirmed.