**In the Interest of Jeremy Allen MOSS, a Child.**

No. 06–94–00080–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 29, 1994.

Decided Oct. 25, 1994.

Annette K. Hanna, Hanna & Associates, College Station, for appellant.

Billy Wayne Flanagan, Mt. Pleasant, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Paula Moss appeals from a judgment modifying her conservatorship over the child of her previously dissolved marriage to James Moss. Paula and James Moss were divorced on February 11, 1983. Under the terms of the divorce decree, the parents were named as joint managing conservators of the child, Jeremy Allen Moss. The child, being over twelve years of age at the time of the modification, executed a choice of managing conservatorship requesting that the father be named as sole managing conservator. The trial court granted the motion, named the father as sole managing conservator, and ordered the mother to pay child support in the amount of $250 per month.

■ In the original decree of divorce, the parents were named as joint managing conservators. Thus, any attempt to modify the decree is governed by TEX.FAM.CODE ANN. § 14.081 (Vernon Supp.1994). In relevant part, the Code provides that a joint conservatorship may be modified as follows:

> (d) After a hearing, on the motion of one or both of the joint managing conservators or on the court's own motion, a court may replace a joint managing conservatorship with a sole managing conservatorship if:
>
> (1) ....
>
> (C) the circumstances of the child or of one or both of the joint managing conservators have so materially and substantially changed since the rendition of the decree that it has become unworkable or inappropriate under existing circumstances; and
>
> (2) the appointment of a sole managing conservator would be a positive improvement for and in the best interest of the child.

TEX.FAM.CODE ANN. § 14.081(d). The best interest of the child is always the primary consideration of the court in determining questions of managing conservatorship. TEX. FAM.CODE ANN. § 14.07(a) (Vernon Supp. 1994); *MacDonald v. MacDonald*, 821 S.W.2d 458 (Tex.App.—Houston [14th Dist.] 1992, no writ).

Paula Moss contends that the court erred by modifying custody because the proof does not establish that retention of the mother as a managing conservator would be injurious to the child's welfare or that the appointment of a new conservator would be a positive improvement for the child. She has not argued that no material or substantial change in condition was shown by the evidence.

We first address Paula Moss's argument concerning injurious behavior. This language is taken from Section 14.08 of the Family Code. However, that section of the Code is not applicable to the present case because that section sets out the requirements for modification of a decree that had designated a sole managing conservator. In the present case, the record reflects that a joint managing conservatorship was in place prior to the motion to modify. Accordingly, Section 14.081 is the applicable statutory authority. The section does not require proof that the retention of a conservator would be injurious to the child. This argument is without merit.

■ Paula Moss also contends that James Moss failed to prove that his appointment as sole managing conservator would be a positive improvement for the child. In the present case, the only evidence presented was that of the father. He testified that the child had expressed a desire to live with him, that he believed it would be in his son's best interest to live with him, and that he had experienced difficulty in picking up the child for visitation on several occasions. In addition, a document in which the child chose the father as his managing conservator pursuant to Section 14.07(a) was presented to the court for consideration.

■ The father was only required to prove by a preponderance of the evidence that naming him sole managing conservator was in the best interest of the child. *MacDonald*, 821 S.W.2d at 463; *Wristen v. Kosel*, 742 S.W.2d 868, 870 (Tex.App.—Eastland 1987, writ denied). No findings of fact or conclusions of law were filed in this case. It is implied that the trial court made all necessary findings of fact to support its judgment. *Thompson v. Thompson*, 827 S.W.2d 563, 567 (Tex.App.—Corpus Christi 1992, writ de-

nied); *Saldana v. Saldana,* 791 S.W.2d 316, 319 (Tex.App.—Corpus Christi 1990, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). Trial courts have wide discretion in determining the best interest of the child, and those judgments will only be reversed on appeal for an abuse of discretion. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982).

In the present case, the evidence shows that the child desired the change, that the father desired the change, and that the father testified that the change would be in the child's best interest. This implies that such a change would be a positive improvement for the child. In light of this evidence and the other factors stated by the trial court, we hold that the court did not abuse its discretion in making this change. The evidence is both legally and factually sufficient to support the court's ruling. This point of error is overruled.

■ Appellant next contends that the trial court erred by imposing $250 per month in child support payments upon her in the absence of any testimony about her present income. There was no evidence about the mother's income. The court set child support at the amount that the father had previously been paying to the mother. The mother contends that the amount of child support set by the court is outside the mandatory guidelines of TEX.FAM.CODE ANN. § 14.052 (Vernon Supp.1994). We have reviewed the record in detail. The only evidence relating to the mother's income was the categorical statement by the father that he did not know where she worked and no idea how much money she made. No findings in support of the child support order were requested. TEX.FAM.CODE ANN. § 14.057 (Vernon Supp. 1994).

In this situation, the trial court should apply the statutory presumption set forth in TEX.FAM.CODE ANN. § 14.053(k) (Vernon Supp.1994) and set child support accordingly. When evidence is insufficient to determine actual income, the court is required to apply the federal minimum wage ($4.25 per hour) to a forty-hour week. This provides a presumptive income of $170.00 per week, or $736.10 per month ($170.00 × 4.33). Using the tables provided, her net monthly income would therefore be $644.92 per month.

The Child Support Guidelines set out in Section 14.055 provide that child support for one child in the absence of factors requiring a different result is twenty percent of the monthly net resources available to the obligor. TEX.FAM.CODE ANN. § 14.055 (Vernon Supp.1994). Thus, her child support payment should have been set at $128.98 per month. In the absence of any evidence to support the imposition of a higher payment, we find the trial court's setting of child support at $250 per month was an abuse of discretion. In light of the presumptive nature of the guidelines and the absence of controverting evidence, we find that the correct amount of child support payable by Paula Moss is $128.98 per month as a matter of law.

The judgment of the trial court is modified to change the amount of child support to be $128.98 per month and, as modified, affirmed.