Opinion issued May 22, 2008

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00659-CV






CHIKE RAPULUEKE MBONU, Appellant


V.


THE OFFICE OF THE ATTORNEY GENERAL, Appellee






On Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 05-CV-146,326






MEMORANDUM OPINION

 Appellant, Chike Rapulueke Mbonu, brings this restricted appeal pursuant to
Tex. R. App. P. 30 to challenge a post-answer default judgment (1) rendered against him
in a child-support proceeding brought on behalf of his former spouse, Chinwe E.
Ezeh, by the Office of the Attorney General pursuant to the Uniform Interstate Family
Support Act (UIFSA). See Tex. Fam. Code Ann. §§ 159.001-159.902 (Vernon 2002
& Supp. 2007). (2) Mbonu's three issues challenge the trial court's order, which
imposes on Mbonu a duty to provide support for his minor daughters and requires
him to pay retroactive and future child support and retroactive and future medical
support. Mbonu challenges the sufficiency of the evidence to support the amount of
child support ordered and the trial court's implied finding that Mbonu is able to meet
that obligation; he also challenges the trial court's method of calculating the support
ordered. We affirm.

Background


 Mbonu and his former spouse, Chinwe E. Ezeh, were married on August 1,
1999. The couple separated in 2002, shortly after their second daughter was born. (3) 
A Florida decree of divorce signed on May 5, 2004 dissolved the marriage and
awarded Ezeh custody of her two daughters and the right to use her maiden name. 
The decree contained no support provisions, however, which were "[r]eserved for a
future hearing." (4) After relocating to New Jersey, Ezeh sought relief, pro se, from the
Chancery Division/Family Part of the Superior Court of New Jersey, but her action
was dismissed on April 1, 2005, for lack of personal jurisdiction over Mbonu, and her
requested relief was denied. Upon inquiry received from the Superior Court of New
Jersey, County of Camden on May 10, 2005, Ezeh then sought relief through the
Office of the Texas Attorney General. On November 18, 2005, the Attorney General
filed a petition seeking family support on Ezeh's behalf, pursuant to section
159.401(a) of the UIFSA. See Tex. Fam. Code Ann. § 159.401(a) (Petition to
Establish Support Order).

 The Attorney General's standard-form petition requested an order that would
(1) establish child support, medical coverage, and support to be paid by Mbonu for
a prior period and the future and (2) authorize collection of arrears and income
withholding in the future. In support of the petition, the Attorney General provided
copies of all pertinent court decrees and papers, the children's birth certificates,
financial data regarding child care for the children, and Ezeh's sworn "General
Testimony." (5) See Tex. Fam. Code Ann. § 159.311 (Pleadings and Accompanying
Documents). The Attorney General's petition included a request for production of
itemized documents from Mbonu that would "show the nature and extent of his
ability to pay child support."

 On September 6, 2006, the Attorney General obtained service on Mbonu, who
filed his answer by general denial on September 28, 2006. At a hearing on November
6, 2006, the trial court signed an order granting permission to withdraw to the
attorney who filed Mbonu's answer. Mbonu was present at the hearing and testified
that he agreed to the withdrawal. The trial court reset the hearing on Ezeh's petition
to December 4, 2006, after which it was reset several more times. 

 On April 5, 2007, the trial court conducted the hearing on Ezeh's petition and
signed the default order challenged here. The face of the order recites that Mbonu
was duly notified, but did not appear, and that a record of the hearing was "not made
by audio recording." (6) The record indicates that neither Mbonu nor his new trial
counsel appeared on April 5, 2007, when the trial court signed the order that Mbonu
challenges here. This order imposed a duty of support on Mbonu and required that
he pay retroactive child support of $24,605.00, retroactive medical support of
$4,682.30, future child support from May 1, 2007 onward of $703.00 per month, and
future medical support from May 1, 2007 forward of $133.78 per month. See Tex.
Fam. Code Ann. § 159.401(c). (7) On April 17, 2007 the trial court issued rule 239a
notices of default to trial counsel and to Mbonu at his last known address. (8) Mbonu's
trial counsel filed untimely motions for new trial and to set aside the default judgment
on May 22, 2007. A docket entry by the trial court on June 6, 2007 indicates that
both motions were denied on the grounds that the trial court's plenary power over its
judgment had expired, but there is no formal ruling on the motions. Mbonu timely
filed a notice of restricted appeal. 

Restricted Appeal


 A restricted appeal is a direct attack on a judgment, Roventini v. Ocular
Sciences, Inc., 111 S.W.3d 719, 721 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 
To prevail by this restricted appeal, Mbonu must satisfy the following elements: (1)
his notice of restricted appeal must have been filed within six months after the trial
court signs the judgment; (2) by him, a party to the lawsuit; (3) who neither
participated in the hearing that resulted in the judgment nor timely filed a
postjudgment motion or a request for findings of fact and conclusions of law; and (4)
the face of the record must disclose the claimed error. See Tex. R. App. P. 26.1(c),
30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Roventini, 111
S.W.3d at 721. This appeal concerns only the fourth element.

 The face of the record in a restricted appeal consists of the papers on file with
the trial court when it rendered judgment, including the clerk's record and any
reporter's record. Miles v. Peacock, 229 S.W.3d 384, 387 (Tex. App.--Houston [1st
Dist.] 2007, no pet.); Roventini, 111 S.W.3d at 721-22 (citing Gen. Elec. Co. v.
Falcon Ridge Apartments Joint Venture, 811 S.W.2d 942, 944 (Tex. 1991) (decided
under former writ-of-error practice, which restricted appeal replaced)). Because a
restricted appeal affords the same scope of review as an ordinary appeal, the
appealing party may challenge the legal and factual sufficiency of the evidence to
support the order rendered. See Miles, 229 S.W.3d at 387 (citing Norman Commc'ns
v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)). 

Sufficiency Challenge to Post-Answer Default Judgment


 A trial court may not render a post-answer default judgment based on the
pleadings; the plaintiff must offer evidence and prove its case. Stoner v. Thompson,
578 S.W.2d 679, 682 (Tex. 1979); Sharif v. Par Tech, Inc., 135 S.W.3d 869, 873
(Tex. App.--Houston [1st Dist.] 2004, no pet.). Mbonu argues that the Attorney
General, acting on Ezeh's behalf, did not prove her case. He disputes the sufficiency
of the evidence to support the trial court's order and the methods by which the trial
court calculated Mbonu's support obligations. 

A. Standard of Review 

 We review orders of child support for abuse of discretion. Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990); Miles, 229 S.W.3d at 388. We note that the
UIFSA vests considerable discretion with trial courts by establishing "Special Rules
of Evidence and Procedure" regarding admissibility of evidentiary documents and
testimony. See Tex. Fam. Code Ann. § 159.316(a)-(j). A trial court abuses its
discretion when it acts arbitrarily or without reference to guiding principles. 
Worford, 801 S.W.2d at 109; see Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
A trial court has no discretion in determining what the law is, which law governs, or
how to apply the law, and we review rulings in this category de novo. See Walker,
827 S.W.2d at 840. But when, as here, we review a ruling that results from the trial
court's having resolved underlying facts, we must defer to the trial's factual
resolutions and may not substitute our judgment for the trial court's judgment in those
matters. See id. at 839-40. The legal and factual sufficiency of the evidence are not
independent grounds of error in an abuse-of-discretion standard case, though they are
relevant factors in assessing whether the trial court abused its discretion. See Miles,
229 S.W.3d at 388-89. 

B. Analysis

 In his first issue, Mbonu contends that the evidence is legally and factually
insufficient to support the child-support payment ordered because he "has not been
employed since 2002," which required that the trial court apply the federal minimum
wage to a 40-hour week in calculating Mbonu's payment. See In re Moss, 887
S.W.2d 186, 188 (Tex. App.--Texarkana 1994, no writ) (citing statutory presumption
of former Tex. Fam. Code Ann. § 14.053(k) (current version at Tex. Fam. Code
Ann § 154.068 (Vernon 2002)). Mbonu's second issue purports to challenge the trial
court's method of calculating the support ordered, but has provided neither record
references nor citations to authority in support of this issue and has thus waived any
complaint. See Ryan v. Abdel-Salam, 39 S.W.3d 332, 336 (Tex. App.--Houston [1st
Dist.] 2001, pet. denied). We have no duty to conduct an independent review of the
existing record and applicable law to address this issue. See id. In his third issue,
Mbonu challenges the order of support on the grounds that the record does not show
that he is financially able to pay the amount ordered. 

 Mbonu's issues raise no error that is apparent on the face of the record, as
required for him prevail. See Lynda's Boutique, 134 S.W.3d at 848. The record in
this restricted appeal does not contain either a reporter's record or an audiotape
recording of the hearing that resulted in the challenged order. As noted in footnote
6, however, Mbonu has not challenged the omission on appeal. 

 Restricted-appeal analysis permits us to address attacks on the legal and factual
sufficiency of the evidence, Norman Commc'ns, 955 S.W.2d at 270, as factors
relevant to the trial court's exercise of its discretion. Miles, 229 S.W.3d at 388-89. 
Unless the appealing party has requested a partial reporter's record, however, as now
authorized by Tex. R. App. P. 34.6(c)(4), settled law recognizes the impossibility of
establishing on appeal that the evidence is either legally or factually insufficient
without a complete reporter's record. See Schafer v. Conner, 813 S.W.2d 154, 155 
(Tex. 1991); Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968); see also
Nicholson v. Fifth Third Bank, 226 S.W.3d 581, 583 (Tex. App.--Houston [1st Dist.]
2007, no pet.) (noting that appealing party "cannot prevail" in challenge to
sufficiency of evidence without sufficient record). Furthermore, we are entitled to
presume that any missing reporter's record supports the trial court's judgment. See
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Nicholson, 226 S.W.3d
at 583. We may presume, therefore, that the Attorney General offered evidence and
proved the case made on Ezeh's behalf. See Stoner, 578 S.W.2d at 682.

 Because the face of the record of this restricted appeal contains no transcription
of the hearing that resulted in the challenged order, these settled principles compel
that we also presume that legally and factually sufficient evidence supports that order. 
See Schafer, 813 S.W.2d at 155; Christiansen, 782 S.W.2d at 843; Englander Co.,
428 S.W.2d at 806; Nicholson, 226 S.W.3d at 583. Accordingly, we need not
consider Mbonu's sufficiency challenges as factors that affected the trial court's
exercise of its discretion. See Miles, 229 S.W.3d at 388-89. 

 With the exception of the second issue, which he has waived, Mbonu bases his
challenges to the trial court's exercise of its discretion on the fact-based contentions
that he has been unemployed since 2002 and is thus unable to pay the support
obligations imposed by the trial court's order. As Mbonu recognizes, the trial court's
order implies findings by the trial court that reject these contentions. Though the
sworn "General Testimony" by Ezeh stated few specifics regarding Mbonu's financial
ability to pay, the face of the record does not disclose what additional evidence the
trial court may have relied on in calculating Mbonu's financial responsibility to
contribute to his daughters' support. As stated above, we must presume that any
missing evidence supports the ruling. See Schafer, 813 S.W.2d at 155; Christiansen,
782 S.W.2d at 843; Englander Co., 428 S.W.2d at 806; Nicholson, 226 S.W.3d at
583. Moreover, in accordance with the standards that control when a discretionary
ruling results from the trial court's having impliedly found that Mbonu is financially
able to pay, we must defer to the trial court's resolutions and may not substitute our
own judgment for that finding. See Walker, 827 S.W.2d at 839-40. 

 We overrule Mbonu's three issues.

Conclusion


 We affirm the judgment of the trial court.




 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. See Sharif v. Par Tech, Inc., 135 S.W.3d 869, 872 (Tex. App.--Houston [1st Dist.]
2004, no pet.) (stating that post-answer default judgment occurs when party files
timely answer, but does not appear at trial).
2. This proceeding is properly classified as a suit affecting the parent-child relationship
(SAPCR) under the Family Code, because the Attorney General's petition involves
a request for support for the children born of the marriage between Mbonu and Ezeh. 
See Tex. Fam. Code Ann. § 101.032(a) (Vernon 2002). The UIFSA, Tex. Fam.
Code Ann. §§ 159.001-159.902 (Vernon 2002 & Supp. 2007-08), is part of subtitle
B of Title 5 of the Family Code, which governs SAPCRs. See Tex. Fam. Code Ann.
§§ 151.001-162.601 (Vernon 2002 & Supp. 2007). 
3. Mbonu's paternity is undisputed.
4. The record reflects that on June 22, 2004, Ezeh filed with the Florida divorce court
a verified motion to compel Mbonu to file a financial affidavit, but the record does
not show that the Florida court ruled on the motion. Ezeh began living in New Jersey
on August 23, 2004.
5. This testimony included information regarding Ezeh, Mbonu, and their two daughters,
including the monthly cost of their health insurance. Ezeh's personal information
included her monthly nurse's salary, her overtime pay, and her monthly expenses. 
Concerning Mbonu, Ezeh's testimony identified him by name, address, telephone
number, date of birth, and social security number, and stated that he was a chemist
with a college degree. Ezeh confirmed that she did not know Mbonu's current
employer's name or address, but estimated his monthly salary at $4,000. Ezeh could
not confirm Mbonu's current marital status or whether he was financially responsible
for other dependents. 
6. The Family Code requires that a record be made in SAPCR proceedings "unless
waived by the parties with the consent of the court." See Tex. Fam. Code Ann. §
105.003(c) (Vernon 2002). Accordingly, lack of a record can be challenged as
reversible error on the face of the record in a restricted appeal. See, e.g., Stubbs v.
Stubbs, 685 S.W.2d 643, 645 (Tex. 1985); Walker v. Stefanic, 898 S.W.2d 347, 349
(Tex. App.--San Antonio 1995, no writ) (holding same). When urged as error on
appeal, lack of a reporter's record "is not harmless," because it precludes review of
the sufficiency of the evidence to support the judgment. Sharif, 135 S.W.3d at 873
We distinguish the preceding cases, however, because, in every instance, the
appealing parties challenged the lack of a reporter's record as reversible error. In this
case, Mbonu does not assert that lack of a reporter's record is error. Likewise, Mbonu
does not argue that lack of a reporter's record prevents him from presenting his case
to this Court. See Tex. R. App. P. 44.1(a)(2). We note, in addition, that Mbonu did
not request either the clerk's or a reporter's record after perfecting his restricted
appeal, and his untimely postjudgment motions do not include complaints regarding
the lack of a record. This Court may not resolve an appeal on unassigned error. 
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993).
7. Section 159.401(c) states in part, "On finding, after notice and an opportunity to be
heard, that an obligor owes a duty of support, the tribunal shall issue a support order
directed to the obligor . . . ." Tex. Fam. Code Ann. § 159.401(c). 
8. See Tex. R. Civ. P. 239a (Notice of Default Judgment).