Opinion issued June 24, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00103-CV

———————————

Julie Brock, Appellant

V.

Byron O'Neal, Appellee



 



 

On Appeal from the 312th District Court

Harris County, Texas



Trial Court Case No. 2007-58671

 



 

MEMORANDUM OPINION

          This
is an appeal from a final order in a suit affecting the parent‑child
relationship.  Appellant Julie
Brock brings four issues.  She contends the
order is void because a necessary party, her husband, was not served.  She also contends that the trial court erred
in naming appellee Byron O’Neal as a joint managing conservator because the
trial court did not adjudicate O’Neal as the parent of the child as required by
Family Code section 160.636(a).  In her final two
issues, Brock argues that the evidence is legally and factually insufficient to
support the appointment of O’Neal as joint managing conservator with the
exclusive right to designate the primary residence of the child.  We affirm.

Background

          At
trial, Brock testified that O’Neal is the biological father of L.B., the child
who is the subject of this suit.  Brock
prepared and signed a “verification of birth facts” when L.B. was born that
listed O’Neal as the father.  O’Neal
testified that Brock has never denied he is L.B.’s biological father.

O’Neal testified that he learned that
he was L.B.’s father after a DNA test, which occurred shortly after L.B. was
born.  At the time of trial, O’Neal lived
with his fiancée, Kimberly Elbert, and he did not have his own residence.  At that time Brock was married, although she testified
that she had plans to divorce her husband, from whom she had been separated
since 2000.  Brock’s husband has been
convicted of a RICO offense for cocaine distribution.  Brock testified at trial that her husband came
to her house at least twice a month and visited his two children who live with her.  Her husband has stayed overnight at her house
infrequently since 2000.

There was testimony from both Brock
and O’Neal that Brock has no health insurance for L.B.  Brock testified that after L.B. left the
hospital, L.B.’s first pediatrician’s visit was one facilitated by O’Neal.  O’Neal testified that he has been unable to
apply for insurance for L.B. because he had not been adjudicated as her
father.  He has nonetheless paid for her
pediatrician’s visits.

The parties testified about a Rule
11 agreement they and the trial court signed, which was filed on October 22,
2007.  See Tex. R. Civ. P.
11.  Brock testified that before this
agreement, O’Neal never offered to pay child support.  Brock admitted that she violated a portion of
the Rule 11 agreement that prohibited Brock or O’Neal from removing L.B. from
Harris County or any contiguous county when she once took L.B. to Mississippi.

There was also testimony concerning
whether Brock complied with a requirement in the Rule 11 agreement that she and
O’Neal communicate by e‑mail concerning specific details about L.B.’s
care.  Brock testified that she did not
regularly send L.B.’s feeding and sleeping schedule to O’Neal.  Brock explained that she did not provide this
information on a regular basis because “everything pretty much stays the same
with [L.B.].”  O’Neal testified that
Brock has not paid for half of L.B.’s medical expenses under the Rule 11
agreement, but admitted that he had not presented Brock with receipts and asked
her to pay.  There was also disputed
testimony from Brock and O’Neal regarding whether O’Neal violated a portion of
the Rule 11 agreement prohibiting him, when he has L.B., from “having a related
adult with whom he has an intimate relationship to remain in the residence from
8PM to 8AM.”

          The
trial court signed a November 7, 2008 order naming Brock and O’Neal as joint
managing conservators.  The order gave O’Neal the exclusive right to
designate the primary residence of the child within Harris and Fort Bend
Counties.  The November 7, 2008 order did not adjudicate O’Neal as the biological father
of L.B.  On April 9, 2010, the trial
court signed a nunc pro tunc order that adjudicated O’Neal as L.B.’s biological
father.

Analysis

Alleged lack
of service

          In her
first issue, Brock
claims that the trial court’s final order is void because a necessary party,
Brock’s husband, was not served.  The
record, however, reflects that her husband was served with citation.  Accordingly, we overrule the first issue.

O’Neal’s standing to be named as joint
managing conservator

In her second issue, Brock claims that O’Neal lacked
standing to be named as a joint managing conservator because the trial court
did not adjudicate O’Neal as the parent of the child as required by Family Code
section 160.636(a).  “The general test for standing in Texas
requires that there ‘(a) shall be a real controversy between the parties, which
(b) will be actually determined by the judicial declaration sought.’”  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)
(quoting Bd. of Water Eng’rs v. City of
San Antonio, 283 S.W.2d 722, 724 (Tex. 1955)).  In the particular context of an original
suit affecting the parent-child relationship, a parent of the child has
standing to file suit.  See Tex.
Fam. Code Ann. § 102.003(a)(1) (Vernon Supp. 2009).  An
order adjudicating O’Neal as the father is not necessary to establish
his standing to file suit.

O’Neal’s original petition alleged that he is the biological
father of L.B.  Brock did not deny that claim; in fact, she confirmed it in her trial
testimony.  Because O’Neal’s status as L.B.’s biological
father was not a contested issue before the trial court, we hold there was an
implied finding to this effect in the trial court’s November 7, 2008
order.  We therefore conclude that O’Neal
had standing, and we overrule the second issue.

Sufficiency of the evidence

          In
her third and fourth issues, Brock challenges the legal and factual sufficiency of the evidence to
support appointing O’Neal as joint managing conservator with the exclusive
right to designate the primary residence of the child.

A rebuttable presumption exists that appointment of the parents
of the child as joint managing conservators is in the best interest of the
child.  See Tex. Fam. Code Ann.
§
153.131(b) (Vernon 2008).  When, as here,
the parents do not file a written agreed parenting plan, the trial court may
render an order appointing the parents joint managing conservators only if the
appointment is in the best interest of the child.  See
Tex. Fam. Code Ann. § 153.134(a) (Vernon Supp. 2009).  The trial court must consider the following
factors:

          (1) whether the physical, psychological, or emotional needs
and development of the child will benefit from the appointment of joint
managing conservators;

          (2) the ability of the parents to give first priority to
the welfare of the child and reach shared decisions in the child’s best interest;

          (3) whether each parent can encourage and accept a positive
relationship between the child and the other parent;

          (4) whether both parents participated in child rearing
before the filing of the suit;

          (5) the geographical proximity of the parents’ residences;

          (6) if the child is 12 years of age or older, the child’s
preference, if any, regarding the person to have the exclusive right to
designate the primary residence of the child; and

          (7) any other relevant factor.

 

Id.  One of the things the trial court must do in
the final order is designate the conservator who has the exclusive right to
determine the primary residence of the child. 
See Tex. Fam. Code Ann.
§
153.134(b)(1) (Vernon Supp. 2009).

          In
this case, there was a nonjury trial and no findings of fact were filed by the
trial court.  It is therefore implied
that the trial court made all the necessary findings to support its final
order.  See Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989).  Because
a reporter’s record has been filed as a part of the appellate record, the legal
and factual sufficiency of the trial court’s implied findings may be challenged
the same as a jury’s verdict or a trial court’s findings of fact.  See
id.

In conducting a legal
sufficiency, or “no evidence” review, we consider the evidence in the light
most favorable to the trial court’s judgment, disregarding all evidence and
inferences to the contrary unless a reasonable fact-finder could not do so.  City of
Keller v. Wilson, 168 S.W.3d 802, 810–11 (Tex. 2005).  We do not disregard contrary evidence if (a)
there is no favorable evidence, or (b) contrary evidence renders supporting
evidence incompetent, or (c) contrary evidence conclusively establishes the
opposite.  Id. at 810–11.  In
determining whether the evidence was factually sufficient to support the trial
court’s judgment, we consider all the evidence and set aside the findings only
if we find that they are so contrary to the overwhelming weight of the evidence
as to be clearly wrong and manifestly unjust. 
See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

1.       Legal sufficiency

          Brock
argues on appeal that the evidence is legally insufficient to support appointing O’Neal as joint
managing conservator with the exclusive right to designate the primary
residence of the child because O’Neal lives with his fiancée, Kimberly Elbert; O’Neal
is financially unable to pay his own housing expenses, food, and utilities;
O’Neal testified he had no previous experience with children; and there was no
testimony at trial from Elbert. 
Finally, Brock argues that L.B. should remain with her as L.B.’s mother
so they can bond, citing In re Rodriguez,
940 S.W.2d 265 (Tex. App.—San Antonio 1997, pet. denied).

          Brock
does not address the evidence that supports the trial court’s implied finding, which
includes the felony conviction of Brock’s husband, Brock not obtaining health
insurance for L.B., or Brock not taking L.B. to regular doctor’s visits until
O’Neal intervened.  In her appellate
brief, Brock does not reference any evidence that O’Neal has not provided for
L.B., either financially, physically, or emotionally.  In addition, we note that Brock could have,
but did not, call Elbert to testify at trial.

          Finally,
Brock’s reliance on Rodriguez is
misplaced.  Rodriguez involved the trial court’s decision to award managing
conservatorship of a child to nonparent caretakers, instead of the child’s
mother.  Rodriguez, 940 S.W.2d at 266. 
Because O’Neal is L.B.’s father, there is a rebuttable presumption that appointing
both Brock and O’Neal is in the best interest of the child.  See
Tex. Fam. Code Ann. § 153.131(b) (Vernon 2008).  O’Neal, therefore, had no burden to prove
that Brock was an “unfit mother,” unlike the situation in Rodriguez.  940
S.W.2d at 271 (holding that nonparent must rebut statutory presumption that
child’s best interest is served by naming parent or parents as managing
conservators).

          We
overrule Brock’s third issue challenging the legal sufficiency of the evidence.

 

 

2.       Factual sufficiency

          Brock
argues on appeal that the evidence is factually insufficient to support appointing O’Neal as joint
managing conservator with the exclusive right to designate the primary
residence of the child because this appointment will separate L.B. from her
half‑siblings.  Brock cites three cases on appeal: In re T.N.F., 205 S.W.3d 625, 633
(Tex. App.—Waco 2006, pet. denied) (citing expert testimony that keeping
sibling groups together was important factor in considering emotional needs of
child, as that is factor under Holley v.
Adams, 544 S.W.2d 367, 372 (Tex. 1976)); Warchol v. Warchol, 853 S.W.2d 165, 167–68 (Tex. App.—Beaumont
1993, no writ) (holding no evidence existed to support father’s motion to
modify custody); O. v. P., 560 S.W.2d
122, 127 (Tex. Civ. App.—Fort Worth 1977, no writ) (custody of two or more
children of marriage should not be divided, except for clear and convincing
reasons).  This Court has held, however,
that the presumption against separating siblings does not apply to half‑siblings.  See
Pizzitola v. Pizzitola, 748 S.W.2d
568, 569–70 (Tex. App.—Houston [1st Dist.] 1988, no
writ).

          Considering
all the evidence, including the evidence we previously discussed under Brock’s
third issue, we cannot find that the trial court’s implied findings are so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust.  Accordingly, we overrule
Brock’s fourth issue challenging the factual sufficiency of the evidence.

Conclusion

          We
affirm the trial court’s final order.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Massengale.